## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KELSEY BRENNAN; KYLE COLEMAN; | : | |
| CARYN FRANKENFIELD; FRANK | : | |
| GALLINE; JOHN A. JOHNSTON; | : | |
| DAWN SNYDER;FREDRICK  WAFF; | : | |
| CORY GERYAK; and SARA RINEY; | : | |
| individually and on behalf of similarly | : | |
| situated persons, | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SUMMER WWK LLC; HL WOODS, | : | |
| a.k.a. HOWARD WOODS; and | : | |
| CHERELLE GEORGE, | : | |
| | : | |
| Defendants. | : | <u>DEMAND FOR JURY TRIAL</u> |
| _____ | : | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

COMES NOW Plaintiffs Kelsey Brennan, Kyle Coleman, Caryn

Frankenfield, Frank Galline, John A. Johnston, Dawn Snyder, Fredrick Waff, Cory

Geryak, and Sara Riney (together "Plaintiffs"), individually and on behalf of all

other similarly situated persons, and assert these claims against Defendants

Summer WWK LLC, HL Woods, a.k.a. Howard Woods, and Cherelle George

(together "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

*seq*. (the "FLSA"), and the laws of the State of Georgia, to recover unpaid wages,

liquidated damages, and attorneys' fees and expenses, showing this Court as follows:

## <u>INTRODUCTION</u>

1.

This is a collective action FLSA case brought to recover for work that Plaintiffs and similarly situated film production crew members performed for Defendants without pay. From August to October 2020, Plaintiffs and similarly situated film production crew members worked on the production of the motion picture entitled "Summer When We Were Kings" ("SWWWK") produced by HL Woods. Production on SWWWK shut down prior to the start of principal photography. Plaintiffs and similarly situated film production crew members were not paid for any of the work they performed for Defendants during the time they were employed. Extensive efforts were made to recover the wages due to Plaintiffs and similarly situated film production crew members without litigation, but those efforts were rebuffed by Defendants. Plaintiffs therefore have brought this lawsuit on behalf of themselves and similarly situated film production crew members to seek recovery of all monies due.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206 *et seq*. and 29 U.S.C. § 216(b).  Jurisdiction over Plaintiffs' state law claims is invoked pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

### 3.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as the events or omissions giving rise to the claims described herein occurred in this judicial district.

## PARTIES

### 4.

Plaintiff Kelsey Brennan is a resident of the State of Georgia. At all relevant times, Plaintiff Brennan was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Brennan has consented in writing to being a Plaintiff in this action. *See* Ex. 1.

### 5.

Plaintiff Kyle Coleman is a resident of the State of Georgia. At all relevant times, Plaintiff Coleman was an "employee" of Defendants as that term is defined

in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Coleman has consented in writing to being a Plaintiff in this action. *See* Ex. 2.

6.

Plaintiff Caryn Frankenfield is a resident of the State of Louisiana. At all relevant times, Plaintiff Frankenfield was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Frankenfield has consented in writing to being a Plaintiff in this action. *See* Ex. 3.

7.

Plaintiff Frank Galline is a resident of the State of Georgia. At all relevant times, Plaintiff Galline was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Galline has consented in writing to being a Plaintiff in this action. *See* Ex. 4.

8.

Plaintiff John A. Johnston is a resident of the State of Louisiana. At all relevant times, Plaintiff Johnston was an "employee" of Defendants as that term is defined in 29 U.S.C. §203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Johnston has consented in writing to being a Plaintiff in this action. *See* Ex. 5.

9.

Plaintiff Dawn Snyder is a resident of the State of California. At all relevant times, Plaintiff Snyder was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Snyder has consented in writing to being a Plaintiff in this action. *See* Ex. 6.

10.

Plaintiff Fredrick Waff is a resident of the State of California. At all relevant times, Plaintiff Waff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Waff has consented in writing to being a Plaintiff in this action. *See* Ex. 7.

11.

Plaintiff Cory Geryak is a resident of the State of California. At all relevant times, Plaintiff Geryak was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Geryak has consented in writing to being a Plaintiff in this action. *See* Ex. 8.

12.

Plaintiff Sara Riney is a resident of the State of Georgia. At all relevant times, Plaintiff Riney was an "employee" of Defendants as that term is defined in

29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Riney has

consented in writing to being a Plaintiff in this action. *See* Ex. 9.

13.

Defendant Summer WWK LLC is a for-profit limited liability company

organized in the State of California. Summer WWK, LLC is the production

company established to produce SWWWK. At all relevant times, Defendant

Summer WWK LLC was an "employer" within the meaning of the FLSA, 29

U.S.C. § 203(d).

14.

Defendant HL Woods is the Executive Producer of SWWWK and the sole

manager of Summer WWK, LLC. Woods is a resident of the State of Michigan,

maintains a place of business in the State of California, and conducts business in

the State of Georgia. At all relevant times, Defendant Woods was an "employer"

within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant Woods is also

known as Howard Woods.

15.

Defendant Cherelle George is the Line Producer of SWWWK. At all

relevant times, Defendant George was an "employer" within the meaning of the

FLSA, 29 U.S.C. § 203(d).  Upon information and belief, George is a resident of the State of Georgia.

16.

At all times relevant to this lawsuit, Plaintiffs and similarly situated film production crew members were engaged in commerce as Defendants' employees in that they handled goods, equipment and supplies which were used and transported in interstate commerce.

17.

At all times relevant to this lawsuit, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

18.

At all times relevant to this lawsuit, Plaintiffs and similarly situated film production crew members were not exempt from the minimum wage or overtime pay requirements of the FLSA.

## **FACTUAL ALLEGATIONS**

19.

SWWWK is a feature length film about a baseball team's quest to win a state championship 50 years ago.

20.

Defendant Woods is the Executive Producer of SWWWK and is a principal financier of the film. Woods exercised operational control over Plaintiffs and similarly situated film production crew members and the production of SWWWK. Defendant Woods also exercised control over payroll decisions with respect to Plaintiffs and similarly situated film production crew members.

21.

Defendant George is the Line Producer for SWWWK. Upon information and belief, Defendant Woods hired Defendant George to be Line Producer. As Line Producer for SWWWK, Defendant George was responsible for the on-site management of the SWWWK production crew. Defendant George had the power to, and did, hire Plaintiffs and other SWWWK employees, and directed the work of Plaintiffs and similarly situated film production crew members. Upon information and belief, George also exercised control over payroll decisions with respect to Plaintiffs and similarly situated film production crew members.

22.

Defendant Woods organized Defendant Summer WWK, LLC in the State of California to serve as the production company for SWWWK. Defendant Woods is the sole manager of Defendant Summer WWK, LLC.

8

23.

On or around August 2020, Defendants hired a Location Manager and Location Scouts to find suitable locations in the Atlanta, Georgia metropolitan area to film SWWWK.

24.

On or around September 2020, Defendants hired other "below-the-line" production crew members to prepare for filming, which was anticipated to begin in October 2020.

25.

Between August – October 2020, Defendants hired approximately 22 production crew members to work on SWWWK.

26.

Most, if not all, of the production crew members hired by Defendants were out-of-work due to the COVID-19 pandemic since on or around March 2020, and SWWWK was their first job since then.

27.

The production of SWWWK lacked sufficient financing to pay the crew members. Plaintiffs and similarly situated film production crew members never received any compensation for their work.

28.

Defendant Woods and Defendant George repeatedly assured Plaintiffs and similarly situated film production crew members that payment for their services was forthcoming. Based on such assurances, Plaintiffs and similarly situated film production crew members continued to work for no pay.

29.

In or around October 2020, production on SWWWK was shuttered before filming commenced and Plaintiffs and similarly situated film production crew members were laid off.

30.

Or on around September 25, 2020, Defendant George sent an email stating that Defendants were "dropping the project" until funds were available to pay Plaintiffs and similarly situated film production crew members. Defendant George asked Plaintiffs and similarly situated film production crew members to submit all of their "timecards, start work and receipts" so they could be paid on Tuesday, September 29, 2020.

31.

Plaintiffs and similarly situated film production crew members were not paid on September 29, 2020 for their services provided on SWWWK or anytime thereafter.

32.

Defendant Woods made the decision to not pay Plaintiffs and similarly situated film production crew members.

33.

Plaintiff Kelsey Brennan was hired to work on SWWWK as a Graphic Designer. Plaintiff Brennan worked for Defendants for approximately one week and earned approximately $2,625.00 but did not receive any compensation for her work.

34.

Plaintiff Kyle Coleman was hired to work on SWWWK as an Art Department Leadman. Plaintiff Coleman worked for Defendants for approximately one week and earned approximately $2,730.70 but did not receive any compensation for his work.

35.

Plaintiff Caryn Frankenfield was hired to work on SWWWK as a Costume Supervisor. Plaintiff Frankenfield worked for Defendants for approximately two weeks and earned approximately $7,240.76 but did not receive any compensation for her work.

36.

Plaintiff Frank Galline was hired to work on SWWWK as a Set Decorator. Plaintiff Galline worked for Defendants for approximately two weeks and earned approximately $5,570.31 but did not receive any compensation for his work.

37.

Plaintiff John A. Johnston was hired to work on SWWWK as a Location Manager. Plaintiff Johnston worked for Defendants for approximately five weeks and earned approximately $30,870.23 but did not receive any compensation for his work.

38.

Plaintiff Dawn Snyder was hired to work on SWWWK as an Art Director. Plaintiff Snyder worked for Defendants for approximately two weeks and earned approximately $7,650.00 but did not receive any compensation for her work.

39.

Plaintiff Fredrick Waff was hired to work on SWWWK as a Production Designer. Plaintiff Waff worked for Defendants for approximately four weeks and earned approximately $21,913.82 but did not receive any compensation for his work.

40.

Plaintiff Cory Geryak was hired to work on SWWWK as the Director of Photography. Plaintiff Geryak worked for Defendants for approximately three weeks and earned approximately $22,074.52 but did not receive any compensation for his work.

41.

Plaintiff Sara Riney was hired to work on SWWWK as a Set Decoration Buyer. Plaintiff Riney worked for Defendants for approximately one week and earned approximately $1,757.80 but did not receive any compensation for her work.

42.

After production was shuttered and Plaintiffs and similarly situated film production crew members were not paid by Defendants, the International Alliance of Theatrical Stage Employees, Local 479 ("IATSE Local 479"), a labor

organization that represents film and television production employees in Georgia, including many of the Plaintiffs, contacted Defendant George to attempt to secure payments to Plaintiffs and similarly situated film production crew members for their work performed.

43.

Beginning in October 2020, IATSE Local 479 Business Agent Mike Akins made multiple attempts to secure payment for Plaintiffs and similarly situated film production crew members. Despite repeated assurances from Defendant George that Defendant Woods would pay Plaintiffs and similarly situated film production crew members, Plaintiffs and similarly situated film production crew members were never paid.

## **COLLECTIVE ACTION ALLEGATIONS**

44.

Plaintiffs bring the FLSA claim as an "opt-in" collective action on behalf of similarly situated production crew members pursuant to 29 U.S.C. § 216(b).

45.

The FLSA claims may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

46.

Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to pay production crew members the federal minimum wage and overtime rate. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential opt-in plaintiffs may be notified of the pendency of this action via U.S. mail and/or other appropriate means.

47.

Plaintiffs and the FLSA Class are "similarly situated" because, *inter alia*, all such individuals were employed by Defendants, worked as production crew on SWWWK, and were not paid minimum or overtime wages as required by the FLSA. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

**COUNT I**
**Violations of the Fair Labor Standards Act**

48.

All previous paragraphs are incorporated as though fully set forth herein.

49.

The FLSA requires that covered employees be compensated for all hours worked at a rate of not less than $7.25 per hour. 29 U.S.C. § 206(a)(1).

50.

The FLSA requires that covered employees are entitled to be paid at Overtime Rate for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a)(1).

51.

At all material times, Plaintiffs and other similarly situated employees were non-exempt employees of Defendants.

52.

Defendants are subject to the wage requirements of the FLSA because Defendants were an "employer" under 29 U.S.C. § 203(d) during all relevant times.

53.

During all relevant times, Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54.

During all relevant times, Plaintiffs and other similarly situated employees were covered employees of Defendants, and as such were entitled to the above-described FLSA protections. 29 U.S.C. § 203(e).

55.

By virtue of Defendants' failure or refusal to pay Plaintiffs and other similarly situated employees a minimum wage of at least $7.25 per hour for all hours worked by Plaintiffs, Defendants violated the FLSA. 29 U.S.C. §§ 206 and 215.

56.

By virtue of Defendants' failure or refusal to pay Plaintiffs and other similarly situated employees at the Overtime Rate for all hours worked over forty (40) in a workweek, Defendants violated the FLSA. 29 U.S.C. § 207(a)(1).

57.

Upon information and belief, Defendants also failed to make, keep, and preserve records with respect to Plaintiffs and other similarly situated employees to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

58.

In violating the FLSA, Defendants acted knowingly, willfully, and with reckless disregard of clearly applicable FLSA provisions.

59.

Defendants are liable to Plaintiffs and other similarly situated employees for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages. 29 U.S.C. § 216(b).

## COUNT II
## Unjust Enrichment

60.

All previous paragraphs are incorporated as though fully set forth herein.

61.

By working on SWWWK and performing film production duties, Plaintiffs provided Defendants the valuable benefit of their services.

62.

Plaintiffs' services were valuable to Defendants, Plaintiffs' services were provided at the request of Defendants, Defendants' receipt of the services without compensating Plaintiffs would be unjust, and Plaintiffs expected compensation for their services at the time they provided them to Defendants.

63.

By refusing to compensate Plaintiffs for the valuable services they provided, Defendants have been unjustly enriched and are liable to Plaintiffs on the theory of

quantum meruit under Georgia law. *Nextel South Corp. v. R.A. Clark Consulting*, 266 Ga.App. 85, 86 (2004).

64.

The value of Plaintiffs' services are set forth in paragraphs 33-41, above.

## COUNT III
## Breach of Contract

65.

All previous paragraphs are incorporated as though fully set forth herein.

66.

Defendants entered into either express or implied contracts with Plaintiffs to pay Plaintiffs at agreed-upon wage rates in exchange for their services on SWWWK.

67.

Defendants breached the contracts by failing to pay Plaintiffs the agreed-upon amounts.

68.

Defendants are liable to Plaintiffs for breach of contract under Georgia law.

69.

Defendants suffered damages in the amounts set forth in paragraphs 33-41, above.

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, request:

(a) that the Court declare that Defendants have violated Plaintiffs' and other similarly situated employees' rights under the minimum wage and overtime wage provisions of the FLSA;

(b) that the Court award Plaintiffs and other similarly situated employees the value of their unpaid wages;

(c) that the Court award Plaintiffs and other similarly situated employees liquidated damages as authorized by the FLSA;

(d) that the Court award Plaintiffs compensatory damages in the amount by which Defendants were unjustly enriched at Plaintiffs' expense;

(e) that that the Court award Plaintiffs compensatory damages for Defendants' breach of contract;

(f) that the Court award Plaintiffs and other similarly situated employees their expenses of litigation, including their reasonably-incurred attorneys' fees as authorized by the FLSA and/or Georgia law;

(g) that the Court grant Plaintiffs and other similarly situated employees a jury trial on all issues so triable; and

(h) award such other further relief that this Court deems just, equitable and proper.

Respectfully submitted, this 27th day of January, 2021.

By:     s/ Michael B. Schoenfeld
        Georgia Bar No. 863727
        James D. Fagan, Jr.
        Georgia Bar No. 253950
        Stanford Fagan LLC
        2540 Lakewood Avenue SW
        Atlanta, GA 30315
        (404) 622-0521, ext. 2244
        michaels@sfglawyers.com
        jfagan@sfglawyers.com

        s/ Robert S. Giolito
        Georgia Bar No. 296050
        Robert S. Giolito PC
        1626 Montana Ave., Ste 201
        Santa Monica, CA 90403
        (310) 897-1082
        rgiolito@giolitolaw.com

        *Counsel for Plaintiffs*