## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN; CARYN FRANKENFIELD; FRANK GALLINE; JOHN A. JOHNSTON; DAWN SNYDER; FREDRICK WAFF; CORY GERYAK; and SARA RINEY; individually and on behalf of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>SUMMER WWK LLC; HL WOODS, a.k.a. HOWARD WOODS; and CHERELLE GEORGE,<br><br>    Defendants.<br>_____ | CIVIL ACTION FILE NO. 1:21-cv-00423-MHC |

## DEFENDANT CHERELLE GEORGE'S ANSWER AND CROSS-CLAIMS

Defendant Cherelle George, by and through her undersigned attorneys, hereby files this, *Defendant Cherelle George's Answer and Cross-Claims,* and respectfully shows the Court as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

### SECOND DEFENSE

Venue in this Court is improper.

### THIRD DEFENSE

Some or all of the Complaint fails to state a claim against George upon which relief can be granted.

### FOURTH DEFENSE

George is not a proper party to this action.

### FIFTH DEFENSE

Defendants do not constitute an enterprise under the Fair Labor Standards Act.

### SIXTH DEFENSE

George is not an employer under the Fair Labor Standards Act.

### SEVENTH DEFENSE

Some or all of the Plaintiffs in this action were not covered by the Fair Labor Standards Act.

### EIGHTH DEFENSE

Some or all of the Plaintiffs in this action were exempt from the overtime requirements of the Fair Labor Standards Act.

### NINTH DEFENSE

George at all times acted in good faith and with reasonable grounds for believing that she acted in compliance with the Fair Labor Standards Act.

## TENTH DEFENSE

Plaintiffs' claims do not arise out of an injury that was proximately caused by George or any of her policies or procedures.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent they include time that is not compensable under the Fair Labor Standards Act and applicable regulations.

## TWELFTH DEFENSE

The Complaint fails to state a claim against George upon which liquidated damages can be awarded.

## THIRTEENTH DEFENSE

The Complaint fails to state a claim against George upon which attorneys' fees or costs can be awarded.

## FOURTEENTH DEFENSE

Some of all of the claims in the Complaint are barred by the doctrines of waiver, release, estoppel, or payment.

## FIFTEENTH DEFENSE

Some or all of the claims made in the Complaint are barred because there is no privity of contract between Plaintiffs and Defendant George.

## SIXTEENTH DEFENSE

Some or all of the claims in the Complaint are barred by a failure of consideration.

## SEVENTEENTH DEFENSE

Some of all of the claims made in the Complaint against George are barred by fraud.

## EIGHTEENTH DEFENSE

George reserves the right to assert additional defenses and/or matters of avoidance not specifically set forth herein as they become known to George during the litigation of this case.

## NINETEENTH DEFENSE

In response to the numbered averments contained in the Complaint, George responds as follows:

## INTRODUCTION

1.      The introduction to the Complaint does not require a response except to admit that the Complaint purports to make a claim arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. To the extent a response is required, George denies the allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      George denies the allegations contained in Paragraph 2 of the Complaint.

3.      George denies the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.      George lacks sufficient knowledge to admit or deny whether Kelsey Brennan is a resident of Georgia and thus that allegation stands denied. George states that Exhibit 1 speaks for itself. George denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      George lacks sufficient knowledge to admit or deny whether Kyle Coleman is a resident of Georgia and thus that allegation stands denied. George further states that Exhibit 2 speaks for itself. George denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      George lacks sufficient knowledge to admit or deny whether Caryn Frankenfield is a resident of Louisiana and thus that allegation stands denied. George further states that Exhibit 3 speaks for itself. George denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.     George lacks sufficient knowledge to admit or deny whether Frank Galline is a resident of Georgia and thus that allegation stands denied. George further states that Exhibit 4 speaks for itself. George denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.     George lacks sufficient knowledge to admit or deny whether John A. Johnston is a resident of Louisiana and thus that allegation stands denied. George further states that Exhibit 5 speaks for itself. George denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.     George lacks sufficient knowledge to admit or deny whether Dawn Snyder is a resident of California and thus that allegation stands denied. George further states that Exhibit 6 speaks for itself. George denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     George lacks sufficient knowledge to admit or deny whether Fredrick Waff is a resident of California and thus that allegation stands denied. George further states that Exhibit 7 speaks for itself. George denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     George lacks sufficient knowledge to admit or deny whether Cory Geryak is a resident of California and thus that allegation stands denied. George further states that Exhibit 8 speaks for itself. George denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     George lacks sufficient knowledge to admit or deny whether Sara Riney is a resident of Georgia and thus that allegation stands denied. George further states that Exhibit 9 speaks for itself. George denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     George admits that Summer WWK LLC is a limited liability company organized in California. George further admits that Summer WWK LLC was the production company established to produce SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and therefore they stand denied.

14.     George admits that HL Woods was the executive producer of SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint and therefore they stand denied.

15.     George admits that she is a Georgia resident and was the line producer for SWWWK. George denies the remaining allegation contained in Paragraph 15 of the Complaint.

16.     George denies the allegations contained in Paragraph 16 of the Complaint.

17.     George denies the allegations contained in Paragraph 17 of the Complaint.

7

18.     George denies the allegations contained in Paragraph 18 of the Complaint.

## **FACTUAL ALLEGATIONS**

19.     George admits the allegations contained in Paragraph 19 of the Complaint.

20.     George admits the allegations contained in Paragraph 20 of the Complaint.

21.     George admits that she was the line producer for SWWWK. George denies the remaining allegation contained in Paragraph 21 of the Complaint.

22.     George admits that Summer WWK LLC is a limited liability company organized in California. George further admits that Summer WWK LLC was the production company established to produce SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 22 of the Complaint and therefore they stand denied.

23.     George denies the allegations contained in Paragraph 23 of the Complaint as stated.

24.     George denies the allegations contained in Paragraph 24 of the Complaint as stated.

25.     George denies the allegations contained in Paragraph 25 of the Complaint as stated.

26.     George lacks sufficient knowledge to admit or deny whether the production crew members were out of work due to COVID-19 and therefore that allegation stands denied. George denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.     George admits that the production of SWWWK lacked sufficient financing to pay crew members and that Summer WWK LLC and HL Woods did not pay Plaintiffs. George denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.     George admits that Defendant Woods made assurances to George that payment was forthcoming. Otherwise, George denies the allegations contained in Paragraph 28 of the Complaint.

29.     George admits the allegations contained in Paragraph 29 of the Complaint.

30.     The document referenced speaks for itself. George denies any and all remaining allegations contained in Paragraph 30 of the Complaint.

31.     George denies the allegations contained in Paragraph 31 of the Complaint.

32.     George admits the allegations contained in Paragraph 32 of the Complaint.

33.    George admits that Kelsey Brennan was hired as a graphic designer. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 33 of the Complaint and therefore they stand denied.

34.    George admits that Kyle Coleman was hired as an art department leadman and that he worked on SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 34 of the Complaint and therefore they stand denied.

35.    George admits that Caryn Frankenfield was hired as a costume supervisor and that she worked on SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 35 of the Complaint and therefore they stand denied.

36.    George admits that Frank Galline was hired as a set decorator and that he worked on SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 36 of the Complaint and therefore they stand denied.

37.    George admits that John A. Johnston was hired as a location manager and that he worked on SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 37 of the Complaint and therefore they stand denied.

38.     George admits that Dawn Snyder was hired as an art director and that she worked on SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 38 of the Complaint and therefore they stand denied.

39.     George admits that Fredrick Waff was hired as a production designer and that he worked on SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 39 of the Complaint and therefore they stand denied.

40.     George admits that Cory Geryak was hired as director of photography and that he worked on SWWWK. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 40 of the Complaint and therefore they stand denied.

41.     George admits that Sara Riney was hired as a set decoration buyer. George lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 41 of the Complaint and therefore they stand denied.

42.     Denied as stated. George admits that she contacted IATSE Local 479 Business Agent Mike Akins and discussed the situation with him. George denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.    Denied as stated. George admits that she contacted IATSE Local 479 Business Agent Mike Akins and discussed the situation with him. George further admits that Summer WWK LLC and HL Woods did not pay crew members, including herself, despite making assurances that Woods would pay them. George denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.    This is a statement of law to which no response is required. To the extent a response is required, George denies any allegations contained in Paragraph 44 of the Complaint.

45.    This is a statement of law to which no response is required. To the extent a response is required, George denies any allegations contained in Paragraph 45 of the Complaint.

46.    This is a statement of law to which no response is required. To the extent a response is required, George denies any allegations contained in Paragraph 46 of the Complaint and denies that Plaintiffs are entitled to the relief sought.

47.    George denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT I
## Violations of the Fair Labor Standard Act

48.    George incorporates by reference the preceding paragraphs as if fully set forth herein.

49.     This is a statement of law to which no response is required. To the extent a response is required, George denies any allegations contained in Paragraph 49 of the Complaint and denies that Plaintiffs are entitled to the relief sought.

50.     This is a statement of law to which no response is required. To the extent a response is required, George denies any allegations contained in Paragraph 50 of the Complaint and denies that Plaintiffs are entitled to the relief sought.

51.     George denies the allegations contained in Paragraph 51 of the Complaint.

52.     George denies the allegations contained in Paragraph 52 of the Complaint.

53.     George denies the allegations contained in Paragraph 53 of the Complaint.

54.     George denies the allegations contained in Paragraph 54 of the Complaint.

55.     George denies the allegations contained in Paragraph 55 of the Complaint.

56.     George denies the allegations contained in Paragraph 56 of the Complaint.

57.     George denies the allegations contained in Paragraph 57 of the Complaint.

58.     George denies the allegations contained in Paragraph 58 of the Complaint.

59.     George denies the allegations contained in Paragraph 59 of the Complaint.

**COUNT II**
**Unjust Enrichment**

60.     George incorporates by reference the preceding paragraphs as if fully set forth herein.

61.     George denies the allegations contained in Paragraph 61 of the Complaint.

62.     George denies the allegations contained in Paragraph 62 of the Complaint.

63.     George denies the allegations contained in Paragraph 63 of the Complaint.

64.     George denies the allegations contained in Paragraph 64 of the Complaint.

## COUNT III
### Breach of Contract

65.    George incorporates by reference the preceding paragraphs as if fully set forth herein.

66.    George denies the allegations contained in Paragraph 66 of the Complaint.

67.    George denies the allegations contained in Paragraph 67 of the Complaint.

68.    George denies the allegations contained in Paragraph 68 of the Complaint.

69.    George denies the allegations contained in Paragraph 69 of the Complaint.

George denies the allegations contained in the "WHEREFORE" paragraph of the Complaint, and further denies that Plaintiffs are entitled to the relief sought under this paragraph.

**WHEREFORE**, George prays as follows:

(a)    For a trial by jury;

(b)    That the Court deny Plaintiffs' requested relief; and

(b)    That the Court award George such other and further relief as may be justified and allowable by the evidence and the law and as may be deemed appropriate by the Court.

## CROSS-CLAIMS

Without waiving but specifically reserving all defenses raised in her Answer, including her subject-matter jurisdiction defense, George hereby files her Cross-claims against HL Woods and Summer WWK LLC (collectively, the "Cross-Claim Defendants") pursuant to Fed.R.Civ.P. 13(g), O.C.G.A. § 9-11-13(g), and all other authority, and respectfully shows the Court as follows:

### Jurisdiction and Venue

1.      To the extent this Court has subject matter jurisdiction over Plaintiff's claims, the Court has supplemental over these Cross-claims.

2.      This Court has personal jurisdiction over the Cross-claim Defendants.

3.      Venue is proper in this Court and for the Cross-claims.

### Count I: Breach of Contract

4.      George incorporates by reference the preceding paragraphs as if fully set forth herein.

5.      George and the Cross-Claim Defendants entered a valid and binding agreement.

6.      Under the terms of the agreement, George was to provide her services as a line producer for Cross-Claim Defendants on the SWWWK project in exchange for compensation at a rate of $10,062.85 per week.

7.    George served as line producer pursuant to the terms of the agreement for four weeks before work stopped on the SWWWK project.

8.    George performed all of her obligations under the agreement and stood ready, willing, and able to continue to serve as line producer.

9.    The Cross-Claim Defendants breached the agreement by failing to pay George as agreed.

10.   George suffered damages as a result of Cross-Claim Defendants' breach of contract in the amount of $40,251.40, plus pre-judgment interest, and seeks a judgment against the Cross-Claim Defendants for that amount.

## Count II: Fraud

11.   The preceding paragraphs are incorporated by reference as if fully set forth herein.

12.   Throughout the course of George's work on the SWWWK project, the Cross-Claim Defendants represented that they had obtained funding for the SWWWK project and that the production crew, including George, would be paid in full for their services.

13.   The Cross-Claim Defendants represented to George that their funding had arrived and simply needed to be moved from one account to another.

14.   The Cross-Claim Defendants represented to George that the crew, including George would be paid on September 29, 2020.

15.     The Cross-Claim Defendants' misrepresentations induced George to begin work and to continue working on the SWWWK project despite the fact that she was not being paid by the Cross-Claim Defendants.

16.     The Cross-Claim Defendants intentionally misrepresented material facts they knew were false with the intention of deceiving George upon which George acted, justifiably relied, and suffered loss and damages as a proximate result of those misrepresentations.

17.     Defendants' intentional misrepresentations and omissions have damaged Plaintiff in an amount to be proven at trial.

18.     Plaintiff is also entitled to an award of punitive damages based on Defendants' wrongful conduct, which was knowing, willful, intentional, and malicious.

### Count III: Quantum Meruit
### (Alternative to Count I)

19.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

20.     George conferred the benefit of her services to the Cross-Claim Defendants, which Cross-Claim Defendants authorized, requested, and accepted.

21.     The Cross-Claim Defendants benefitted from the services provided by George.

22.     George expected to be compensated for her services when those services were rendered.

23.     Under these conditions, it would be unjust for the Cross-Claims Defendants to retain the value of the services rendered without compensating George for those services.

24.     George is entitled to a judgment against the Cross-Claim Defendants for the compensation owed to George as a result of the services rendered in the principal amount of $40,251.40, plus pre-judgment interest.

### Count IV: Attorney's Fees and Expenses of Litigation

25.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

26.     The Cross-Claim Defendants have failed and refused to pay George pursuant to the terms of their agreement without justification despite her demands for payment.

27.     As such, and given the Cross-Claim Defendants intentional misconduct as alleged herein and their "so sue me" attitude, the Cross-Claim Defendants have been stubbornly litigious, have acted in bad faith, and/or have put George to unnecessary trouble and expense, entitling George to her attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

**WHEREFORE**, George prays as follows:

(a)     For a trial by jury;

(b)     That the Court render a judgment in her favor and against the Cross-Claim Defendants;

(c)     That the Court award George her attorney's fees, expenses of litigations, and court costs; and

(d)     That the Court award such other and further relief as may be justified and allowable by the evidence and the law and as may be deemed appropriate by the Court.

Respectfully submitted this 19th day of April, 2021.

POOLE HUFFMAN, LLC

*/s/ Michael K. McGuffee*
Michael K. McGuffee
Georgia Bar No. 720456
William S. Cleveland
Georgia Bar No. 721593
3562 Habersham at Northlake
Building J, Suite 200
Tucker, Georgia 30084
(404) 373-4008
michaelm@poolehuffman.com

*Attorneys for Defendant*
*Cherelle George*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed *Defendant Cherelle George's Answer and Cross-Claims* using the CM/ECF system, which will automatically send email notification of such filing to the following:

> James D. Fagan, Jr.
> Stanford Fagan, LLC
> 2540 Lakewood Ave. SW
> Atlanta, Georgia 303015
> jfagan@sfglawyers.com
>
> Michael Blair Schoenfeld
> Stanford Fagan, LLC
> 2540 Lakewood Ave. SW
> Atlanta, Georgia 30315
> michaels@sfglawyers.com
>
> Robert S. Giolito
> Law Office of Robert S. Giolito, P.C.
> 1626 Montana Ave, Suite 201
> Santa Monica, California 90403
> rgiolito@giolitolaw.com

And via First Class mail to:

> HL Woods
> 22647 Ventura Blvd #2001
> Woodland Hills, CA 91364
>
> Summer WWK LLC
> Attn: HL Woods, Agent for Service
> 22647 Ventura Blvd #2001
> Woodland Hills, CA 91364

This the 19th day of April, 2021.

POOLE HUFFMAN, LLC

*/s/ Michael K. McGuffee*
Michael K. McGuffee
Georgia Bar No. 720456
William S. Cleveland
Georgia Bar No. 721593
3562 Habersham at Northlake
Building J, Suite 200
Tucker, Georgia 30084
(404) 373-4008
michaelm@poolehuffman.com

*Attorneys for Defendant*
*Cherelle George*

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 5.1(C), the undersigned counsel hereby certifies that this document was prepared in Times New Roman, 14-point font, one of the fonts and points approved by the Court.

This the 19th day of April, 2021.

POOLE HUFFMAN, LLC

*/s/ Michael K. McGuffee*
Michael K. McGuffee
Georgia Bar No. 720456
William S. Cleveland
Georgia Bar No. 721593
3562 Habersham at Northlake
Building J, Suite 200
Tucker, Georgia 30084
(404) 373-4008
michaelm@poolehuffman.com

*Attorneys for Defendant*
*Cherelle George*