# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN; CARYN FRANKENFIELD; FRANK GALLINE; JOHN A. JOHNSTON; DAWN SNYDER; FREDRICK WAFF; CORY GERYAK; and SARA RINEY; individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SUMMER WWK LLC; HL WOODS, also known as HOWARD WOODS; and CHERELLE GEORGE,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:21-CV-00423-MHC |

## PLAINTIFFS' MOTION FOR COSTS OF SERVICE AGAINST DEFENDANT WOODS PURSUANT TO FED. R. CIV. P. 4(D)(2)

COME NOW Plaintiffs Kelsey Brennan, Kyle Coleman, Caryn Frankenfield, Frank Galline, John A. Johnston, Dawn Snyder, Fredrick Waff, Cory Geryak, and Sara Riney (together "Plaintiffs"), by and through undersigned counsel, and move this Court for reimbursement of certain fees and costs associated with serving Defendant HL Woods, also known as Howard Woods, with

the Complaint and summons in the above referenced case after Defendant Woods refused to waive, and evaded, service of process.

## I.     Factual Background and Procedural History

On January 27, 2021, Plaintiffs initiated this action alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), and the laws of the State of Georgia to recover for work that Plaintiffs and similarly situated film production crew members performed for Defendants without pay. (ECF No. 1). Defendant George executed a Waiver of the Service of Summons on February 26, 2021. (ECF No. 4). Service was perfected on Defendant Summer WWK LLC on March 25, 2021.[1] (ECF No. 13).

On January 28, 2021, counsel for Plaintiffs emailed Defendant Woods at visithl@yahoo.com a Notice of Lawsuit and Request to Waive Service of Summons, along with a copy of the Complaint. (Schoenfeld Decl. ¶ 3; Ex. 1). The undersigned mailed a copy of the same to Defendant Woods at 22647 Ventura Blvd. #2001, Woodland Hills, CA 91364, which is the address listed by Defendant

---

[1] Plaintiffs sent a Request for Waiver of Service of Summons to Defendant Summer WWK LLC which was ignored. Plaintiffs had to utilize a process server to effectuate service on Defendant Summer WWK LLC by delivering a copy of the summons and Complaint at the commercial mailbox that Defendant Summer WWK LLC lists as its designated office on its registration with the State of California. However, Plaintiffs are not seeking reimbursement of the costs of service on Defendant Summer WWK LLC.

2

Woods on the Summer WWK LLC registration filed with the State of California[2]. (Schoenfeld Decl. ¶ 4).

On February 2, 2021, Defendant Woods replied to counsel for Plaintiffs' January 28 email and wrote, "Hello I have received your email and I'm in process of retaining attorney. Will be in touch thanks". (Schoenfeld Decl. ¶ 6; Ex. 2).

The undersigned did not hear back from Defendant Woods, so he sent him follow-up emails on March 1 and March 8, 2021, but Defendant Woods failed to respond. (Schoenfeld Decl. ¶ 7; Ex. 2). Counsel for Plaintiffs also called Defendant Woods on his cell phone (818-277-7162), and left multiple messages, but Defendant Woods initially did not return the calls. (Schoenfeld Decl. ¶ 7).

On March 24, 2021, the Clerk issues a summons as to Defendant Woods. (ECF No. 9). Plaintiffs' research determined that Defendant Woods resides in or around Farmington Hills, Michigan. Defendant Woods filed for individual bankruptcy in March 2018 in the Eastern District of Michigan[3] and listed a Farmington, Michigan address - 35560 Grand River Avenue #137, Farmington Hills, MI 48335 - as his residence on the bankruptcy petition. (Schoenfeld Decl. ¶ 8). Counsel for Plaintiffs utilized a skip trace service that revealed that Defendant

---

[2] Defendant Woods is the registered agent of Defendant Summer WWK LLC.
[3] *See,* 18-43705-mar (E.D. Mich., filed on March 16, 2018).

Woods lists the same address on his drivers' license and car registration. (Schoenfeld Decl. ¶ 9). However, the Grand River Avenue address that Defendant Woods listed on his bankruptcy petition, drivers' license, and car registration is a mailbox at a UPS store, and not the address of a private residence. (Schoenfeld Decl. ¶ 10).

Plaintiffs retained Recon Management Group, LLC, a private investigator and process server in Michigan, to locate and personally serve Defendant Woods. (Schoenfeld Decl. ¶ 11). The following steps were taken to attempt to locate and serve Defendant Woods: 1) conduct surveillance of the UPS Store and wait for him to pick up his mail, and 2) go to Defendant Woods' father's house (28507 Golf Point Blvd., Farmington Hills, MI, 48331) to look for Defendant Woods and/or his vehicle. (Schoenfeld Decl. ¶ 11). Process server David Rees visited the UPS store and Woods' father's house at least nine times each between April 1 and April 21 but did not locate Woods. (Schoenfeld Decl. ¶ 12; Ex. 3).

On April 23, the undersigned emailed Woods and once again asked him where he could be served and informed him that if he continued to ignore communications, Plaintiffs would move the Court to serve him by publication. (Schoenfeld Decl. ¶ 13; Ex. 2). On April 26, Woods responded by email and wrote,

"Hello I'm currently retaining counsel, he will be responding to you this week in few days. Please confirm." (Schoenfeld Decl. ¶ 14; Ex. 2).

On April 29, counsel for Plaintiffs asked Defendant Woods for the name and contact information of his attorney. On May 2, Defendant Woods sent the name of a law firm, but no contact information. (Schoenfeld Decl. ¶ 15; Ex. 2). Counsel for Plaintiff located Zeb Chandler's contact information on-line and called him and asked him to accept service of the Complaint. (Schoenfeld Decl. ¶ 16). Chandler informed counsel for Plaintiff that he was not yet retained by Defendant Woods. (Schoenfeld Decl. ¶ 16). On May 10, Chandler emailed counsel for Plaintiff and informed him that he "declined to represent Mr HL Woods." (Schoenfeld Decl. ¶ 16; Ex. 4).

Later that day, Defendant Woods called the undersigned and informed him that he was prepared to accept service. (Schoenfeld Decl. ¶ 17). The process server arranged to meet Defendant Woods at 29181 Northwestern Hwy, Southfield, MI 48034 and personally served him with the summons and Complaint, approximately 102 days after Defendant Woods was first asked to waive service. (Schoenfeld Decl. ¶ 17). Woods ultimately retained counsel and filed his Answer to the Complaint on July 1, 2021[4]. (ECF No. 29).

---

[4] Counsel for Defendant Woods received an extension to file an Answer. (ECF No. 26).

## II. Argument

### a. Defendant Woods refused to waive service without good cause and therefore the Court must impose on him the expenses of making service and attorneys' fees.

Rule 4(d) of the Fed. R. Civ. P. provides in relevant part that:

An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

The purpose of Rule 4(d) is "to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel." Fed. R. Civ. P. 4(d) Advisory Committee note on 1993 amendment. Rule 4 thus imposes a duty upon parties who receive notice of an action to avoid unnecessary costs of serving the summons and provides a mechanism for plaintiffs to avoid the expense of personal service.

The Rule goes on to provide that "[i]f a defendant . . . fails, without good cause, to sign and return a waiver requested by a plaintiff . . . the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

A request for costs and attorney's fees pursuant to Rule 4(d)(2) can be made immediately and does not need to be delayed until after a case is completed. *Double S. Truck Line, Inc., v. Frozen Food Exp.,* 171 F.R.D. 251, 253-54 (D. Minn. 1997); *Butler v. Crosby*, No. 3:04CV917-J-32MMH, 2005 WL 3970740, at *4 (M.D. Fla. April 21, 2006) ("[I]t is simply a defendant's failure to comply with a plaintiff's request for waiver that triggers the plaintiff's entitlement to reimbursement of costs and reasonable fees under Rule 4(d)."). Attorneys' fees may not include efforts to issue the waivers of service. *Morsette v. Brewster*, No. 1:13-CV-00011-AT, 2013 WL 12111600, at *2, n.4 (N.D. Ga. Apr. 17, 2013) ("[T]he Court notes that Plaintiff is not entitled to reimbursement of attorney's fees incurred in arranging for formal service subsequent to Defendant's failure to waive.") Moreover, the advisory notes to Rule 4(d)(2)(A) explain that the Rule "does not limit recovery to the cost of the time required to simply physically serve the defendant. Instead, it suggests that *all* of the time spent by a process server in an attempt to serve the defendant is recoverable." *SPE GO Holdings, Inc. v. Anzo*, NO. 2:10-CV-00215-WCO, 2012 WL 13018386, at *3 (N.D. Ga. March 30, 2012) (emphasis in original). Therefore, the costs of a private investigator are recoverable under Rule 4(d)(2)(A). *See GMAC Global Relocation Services, LLC v. Herring*, No. CV 06-887-MO, 2008 WL 11513119, at * 1 (D. Oregon, Feb. 19, 2008)

(awarding plaintiff $4,081.70 for the costs of hiring a private investigator that unsuccessfully attempted to personally serve defendant).

Here, Defendant Woods had no good cause to refuse to waive service and in-fact went to great lengths to thwart all service attempts. As a result, Defendant Woods is obligated to pay the costs and attorney's fees incurred by Plaintiffs in the process of serving him. *See Estate of Darulis v. Garate,* 401 F.3d 1060, 1064 (9th Cir. 2005) (abuse of discretion to deny costs); *Schaller v. Nat'l Alliance Ins. Co.,* 496 F. Supp. 2d 887, 889 (S.D. Ohio 2007) (awarding costs and attorneys' fees to plaintiff pursuant to Rule 4(d)(2) and (5) for defendant's failure to return waiver of service of summons)

Recon Management Group, LLC charged $2,012.50 for the costs of surveillance and attempted service of Defendant Woods between April 1 and April 21, 2021, and $49.00 for personal service on Defendant Woods on May 10, 2021. (Schoenfeld Decl. ¶¶ 18-19; Exs. 5-6), for a total of $2,061.50.

### b. Plaintiff incurred $2,012.50 in attorneys' fees for the Motion to collect service expenses.

In determining an objective estimate of the value of a lawyer's services, a Court is to multiply those hours reasonably expended by a reasonable hourly rate, or in other words, compute the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th

8

Cir. 1988); *Military Circle Pet Ctr. v. Cobb County*, 734 F.Supp. 502, 504 (N.D. Ga. 1990) ("[T]he lodestar figure represents a presumptively reasonable fee.")

The International Alliance of Theatrical Stage Employees, Local 479 ("IATSE Local 479") is a labor organization that represents film and television production employees in Georgia. Many of the Plaintiffs in this action are members of IATSE Local 479, and IATSE Local 479 is funding the instant lawsuit. The rate charged to IATSE Local 479 by the undersigned's law firm is $170 an hour, which is a below-market rate charged to union clients reflecting a public-interest discount. (Schoenfeld Decl. ¶ 24).

The undersigned's hourly rate sought in this case is $350 an hour. (Schoenfeld Decl. ¶ 24). It is well-established that that the hourly rate for an attorneys' fee award is the market rate, not a reduced or contingency rate charged to a client. *Blum v. Stenson*, 465 U.S. 886 (1984). Thus, the fee award in this case should be based on "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. *See also Georgia State AFL-CIO, Truck Drivers & Helpers Local No. 728 et al. v. Olens et al.*, 1:13-cv-03745-WCO (ECF No. 58) (N.D. Ga. Jan. 24, 2017) (awarding the undersigned an hourly rate of $300 when actual rate charged to union plaintiffs was $150 an hour); *Johnson v. City of*

*Clarksville*, 256 Fed. Appx. 782, 784 (6th Cir. 2007) (rejecting claim that in-house counsel was limited to his hourly salary, and awarding market rate for attorney based on experience because "actual fee charged by counsel is irrelevant"); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1240 (9th Cir. 1986) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party."); *North Carolina Alliance for Transp. Reform v. U.S. Dept. of Transp.*, 168 F.Supp.2d 569, 581 (M.D.N.C. 2001) (awarding fees at the "market rate" although counsel charged plaintiff "far below the market rate"); *Bailey v. A.K. Steel*, No. 1:06-cv-468, 2008 WL 553764, at * 2-3 (W.D. Ohio, Feb. 28, 2008) (recognizing that rate of $180 per hour charged clients was "deeply discounted", and awarding lodestar rate of $450 per hour).

The $350 hourly rate is reasonable and in line with the rates charged by other attorneys in the Atlanta area who possess similar skill, experience, and training. This is a modest increase from the undersigned's previous hourly rate of $300 which was determined by this Court to be reasonable four years ago in *Georgia State AFL-CIO, Truck Drivers & Helpers Local No. 728 et al. v. Olens et al.*, 1:13-cv-03745-WCO (ECF No. 58, p. 12). This rate is below the rate approved by this Court in several recent cases. *See Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, No. 2:12–CV–00082–RWS, 2014 WL 2195719, * 9 (N.D.Ga.

May 27, 2014) ("Fulton County Daily Report' s 2013 "Going Rate" survey for employment and employment litigation attorneys … indicates that since 2011 partners in the Atlanta area have charged between $335 and $730 per hour, associates between $235 and $470 per hour"); *In re Sergeeva*, No. 1:13-CV-3437-LMM-RGV, 2015 WL 12910726, at *31 (N.D. Ga. Nov. 4, 2015) (awarding attorney's fees for partners ranging from $610 (13 years' experience) to $885 (40+ years' experience), and hourly rates for associates ranging from $295 (1 year associate) to $395 (4 year associate)); *Anderson v. Southern Home Care Servs.*, Inc., No. 1:13-cv-00840-LMM (ECF No. 96-1, 106) (N.D. Ga. May 20, 2019) (approving $650 partner rate for 24-year attorney); *Griffin v. General Mills, Inc.*, 157 F. Supp. 3d 1350, 1355-56 (N.D. Ga. 2016) (approving hourly rates $650 for a partner with 35 years' experience, and $455 for an associate); *Yule v. Jones*, 766 F. Supp. 2d 1333, 1347 (N.D.Ga. 2010) (approving partner rates in 2010 of $500, and four-year associate rates in 2010 of $350).

The undersigned spent 5.75 hours researching and drafting the instant Motion and Declaration, and therefore Plaintiffs incurred $2,012.50 in attorneys' fees (5.75 hours x $350). (Schoenfeld Decl. ¶ 25).

### III. Conclusion

For the foregoing reasons, and as shown in the attached Declaration of Michael B. Schoenfeld, Plaintiffs request reimbursement of $2,061.50 in expenses incurred for the process server to locate and personally serve Defendant Woods, and $2,012.50 in attorneys' fees for researching and drafting the instant Motion and associated Declaration, for a total of $4,074.00.

Respectfully submitted, this 9th day of July, 2021.

By: s/ Michael B. Schoenfeld
Georgia Bar No. 863727
James D. Fagan, Jr.
Georgia Bar No. 253950
Stanford Fagan LLC
2540 Lakewood Avenue SW
Atlanta, GA 30315
(404) 622-0521, ext. 2244
michaels@sfglawyers.com
jfagan@sfglawyers.com

s/ Robert S. Giolito
Georgia Bar No. 296050
Robert S. Giolito PC
1626 Montana Ave., Ste 201
Santa Monica, CA 90403
(310) 897-1082
rgiolito@giolitolaw.com

*Counsel for Plaintiffs*

## **CERTIFICATION OF COMPLIANCE**

The undersigned attorney hereby certifies, pursuant to LR 7.1(D), NDGa., that the foregoing **MOTION FOR COSTS OF SERVICE AGAINST DEFENDANT WOODS** was prepared in accordance with LR 5.1, NDGa., using Times New Roman font, 14 point.

                                                          By:    <u>s/ Michael B. Schoenfeld</u>

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I submitted the foregoing **MOTION FOR COSTS OF SERVICE AGAINST DEFENDANT WOODS** to the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

>Michael K. McGuffee
>Georgia Bar No. 720456
>William S. Cleveland
>Georgia Bar No. 721593
>POOLE HUFFMAN, LLC
>3562 Habersham at Northlake
>Building J, Suite 200
>Tucker, Georgia 30084
>
>*Attorneys for Defendant Cherelle George*
>
>Douglas H. Duerr
>Georgia Bar No. 231772
>ELARBEE, THOMPSON, SAPP & WILSON, LLP
>229 Peachtree Street, N.E.
>800 International Tower
>Atlanta, GA 30303
>
>*Attorney for Defendant HL Woods*

         By: <u>s/ Michael B. Schoenfeld</u>