**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KELSEY BRENNAN; KYLE COLEMAN; | : | |
| CARYN FRANKENFIELD; FRANK | : | |
| GALLINE; JOHN A. JOHNSTON; | : | |
| DAWN SNYDER;FREDRICK  WAFF; | : | |
| CORY GERYAK; and SARA RINEY; | : | |
| individually and on behalf of similarly | : | |
| situated persons, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION FILE |
| | : | NO. 1:21-CV-00423-MHC |
| v. | : | |
| | : | |
| | : | |
| SUMMER WWK LLC; HL WOODS, | : | |
| also known as HOWARD WOODS; and | : | |
| CHERELLE GEORGE, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## DECLARATION OF MICHAEL B. SCHOENFELD

1. I, Michael B. Schoenfeld, provide this Declaration voluntarily for use in the case of *Brennan et al. v. Summer WWK LLC et al.*, Civil Action No. 1:21-CV-00423-MHC. I am over 18 years of age and have no impairment, either physical or mental, which would prevent me from presenting a truthful and accurate Declaration or which would render me incompetent to testify.

2.  I am one of the attorneys that represent Plaintiffs in this matter. I handled service of process issues involving Defendant Woods.

3.  On January 28, 2021, I emailed Defendant Woods at visithl@yahoo.com a Notice of Lawsuit and Request to Waive Service of Summons, along with a copy of the Complaint.

4.  I also mailed a copy of the Notice of Lawsuit and Request to Waive Service of Summons to Defendant Woods at 22647 Ventura Blvd. #2001, Woodland Hills, CA 91364. I mailed the Notice to that address because Defendant Woods is the registered agent of Defendant Summer WWK LLC and the address is listed on the Summer WWK LLC registration filed with the State of California.

5.  A true and correct copy of the Notice of Lawsuit and Request to Waive Service of Summons that was sent to Defendant Woods by email and U.S. Mail on January 28, 2021 is attached hereto as Exhibit "1."

6.  On February 2, 2021, Defendant Woods replied to my January 28 email and wrote, "Hello I have received your email and I'm in process of retaining attorney. Will be in touch thanks". True and correct copies of all emails between me and Defendant Woods are attached hereto as Exhibit "2."

7.  I did not hear back from Defendant Woods so I sent him follow-up emails on March 1 and March 8, 2021, but Defendant Woods failed to respond. I called

Defendant Woods on his cell phone (818-277-7162), and left multiple messages, but Defendant Woods initially did not return the calls.

8.  My research discovered that Defendant Woods filed for individual bankruptcy in March 2018 in the Eastern District of Michigan[1] and listed a Farmington, Michigan address - 35560 Grand River Avenue #137, Farmington Hills, MI 48335 - as his residence on the bankruptcy petition.

9.  I utilized a skip trace service that revealed that Defendant Woods lists the same address on his drivers' license and car registration.

10. The Grand River Avenue address that Defendant Woods listed on his bankruptcy petition, drivers' license, and car registration is a mailbox at a UPS store, and not the address of a private residence.

11. Because I was unable to locate Defendant Woods' home address, I hired Recon Management Group, LLC, a private investigator and process server in Michigan, to locate and personally serve Defendant Woods. The following steps were taken to attempt to locate and serve Defendant Woods: 1) conduct surveillance of the UPS Store and wait for him to pick up his mail, and 2) go to Defendant Woods' father's house (28507 Golf Point Blvd., Farmington Hills, MI, 48331) to look for Defendant Woods and/or his vehicle.

---

[1] *See,* 18-43705-mar (E.D. Mich., filed on March 16, 2018).

12. Process server David Rees visited the UPS store and Woods' father's house at least 9 times each between April 1 and April 21, but did not locate Woods. A true and correct copy of Rees' Affidavit of Due Diligence is attached hereto as Exhibit "3."

13. On April 23, I emailed Woods and once again asked him where he can be served and informed him that if he continued to ignore communications, we would move the Court to serve him by publication.

14. On April 26, Woods responded by email and wrote, "Hello I'm currently retaining counsel, he will be responding to you this week in few days. Please confirm."

15. On April 29, I asked Defendant Woods via email for the name and contact information of his attorney. On May 2, Defendant Woods sent the name of a law firm, but no contact information.

16. I located Zeb Chandler's contact information on-line and called him and asked him to accept service of the Complaint. Chandler informed me that he was not yet retained by Defendant Woods. On May 10, Chandler emailed me and informed me that he "declined to represent Mr HL Woods." True and correct copies of all emails between me and Chandler are attached hereto as Exhibit "4".

17.Later that day on May 10, Defendant Woods called me and informed him that he was prepared to accept service. The process server arranged to meet Defendant Woods at 29181 Northwestern Hwy, Southfield, MI 48034 and personally served him with the summons and complaint, approximately 102 days after Defendant Woods was first asked to waive service.

18.Recon Management Group, LLC charged $2,012.50 for the costs of surveillance and attempted service of Defendant Woods between April 1 and April 21, 2021. A true and correct copy of the invoice for surveillance and attempted service of Defendant Woods is attached hereto as Exhibit "5."

19.Recon Management Group, LLC charged $49.00 for personal service on Defendant Woods on May 10, 2021. A true and correct copy of the invoice for service on Defendant Woods is attached hereto as Exhibit "6."

20.The following information is intended to establish the reasonableness of the number of hours expended in this case, as well as the reasonableness of my hourly rate in light of prevailing market conditions in the Atlanta, Georgia geographical area.

21.I am an attorney with the firm Stanford Fagan LLC in Atlanta, Georgia. I have been with the firm since 2012. I received my Juris Doctor degree from Catholic University, Columbus School of law in May 2010. I am a member in

good standing of both the Georgia and Florida Bars. I became a member of the

Florida Bar in 2011 and the Georgia Bar in 2013. I am admitted to practice in the

U.S. District Court for the Northern, Middle, and Southern Districts of Georgia, the

Middle and Southern Districts of Florida, and the Eleventh Circuit Court of

Appeals. I have never been the subject of any attorney disciplinary proceeding. I

currently serve as Chair of the Labor and Employment Law Section of the State

Bar of Georgia. I practice exclusively in labor and employment law.

22.I have represented clients recently in employment law cases before this

Court, including *Brown v. Jackson Protection Agency, LLC et al*. 1:20-cv-05185-

LMM-LTW, and *Gross v. United Parcel Service et al.*, 1:21-cv-01247-TCB-JSA.

23.I have kept contemporaneous records of the time that I spent researching and

drafting the Motion for Costs of Service Against Defendant Woods and the instant

Declaration.

24.The International Alliance of Theatrical Stage Employees, Local 479

("IATSE Local 479") is a labor organization that represents film and television

production employees in Georgia. Many of the plaintiffs in this suit are members

of IATSE Local 479. IATSE Local 479 is funding the instant lawsuit. The rate

charged to IATSE Local 479 by this law firm is $170 an hour, which is a below-

market rate charged to union clients reflecting a public-interest discount. My

hourly rate sought in this case is $350 an hour.

25. I spent 5.75 hours researching and drafting the Motion and Declaration, and therefore the total attorneys' fees for researching and drafting the instant Motion and Declaration are $2,012.50.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 9th day of July, 2021.

s/ Michael B. Schoenfeld

# EXHIBIT 1

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia  ▾

| | | |
|---|---|---|
| Brennan et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:21-cv-00423-MHC |
| Summer WWK LLC et al | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  HL Woods
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:      01/28/2021

s/ Michael B. Schoenfeld
*Signature of the attorney or unrepresented party*

Michael B. Schoenfeld
*Printed name*
Stanford Fagan LLC
2540 Lakewood Avenue SW
Atlanta, GA 30315
*Address*

michaels@sfglawyers.com
*E-mail address*

(404) 622-0521, ext. 2244
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia  ▼

| | |
|---|---|
| Brennan et al | ) |
| *Plaintiff* | ) |
| v. | ) |
| Summer WWK LLC et al | ) |
| *Defendant* | ) |

Civil Action No.  1:21-cv-00423-MHC

## WAIVER OF THE SERVICE OF SUMMONS

To: Michael B. Schoenfeld

(*Name of the plaintiff's attorney or unrepresented plaintiff*)

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____01/28/2021_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KELSEY BRENNAN; KYLE COLEMAN; | : | |
| CARYN FRANKENFIELD; FRANK | : | |
| GALLINE; JOHN A. JOHNSTON; | : | |
| DAWN SNYDER;FREDRICK WAFF; | : | |
| CORY GERYAK; and SARA RINEY; | : | |
| individually and on behalf of similarly | : | |
| situated persons, | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SUMMER WWK LLC; HL WOODS, | : | |
| a.k.a. HOWARD WOODS; and | : | |
| CHERELLE GEORGE, | : | |
| | : | |
| Defendants. | : | <u>DEMAND FOR JURY TRIAL</u> |
| _____ | : | |

## <u>COLLECTIVE ACTION COMPLAINT</u>

COMES NOW Plaintiffs Kelsey Brennan, Kyle Coleman, Caryn

Frankenfield, Frank Galline, John A. Johnston, Dawn Snyder, Fredrick Waff, Cory

Geryak, and Sara Riney (together "Plaintiffs"), individually and on behalf of all

other similarly situated persons, and assert these claims against Defendants

Summer WWK LLC, HL Woods, a.k.a. Howard Woods, and Cherelle George

(together "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

*seq*. (the "FLSA"), and the laws of the State of Georgia, to recover unpaid wages,

liquidated damages, and attorneys' fees and expenses, showing this Court as follows:

## **INTRODUCTION**

### 1.

This is a collective action FLSA case brought to recover for work that Plaintiffs and similarly situated film production crew members performed for Defendants without pay. From August to October 2020, Plaintiffs and similarly situated film production crew members worked on the production of the motion picture entitled "Summer When We Were Kings" ("SWWWK") produced by HL Woods. Production on SWWWK shut down prior to the start of principal photography. Plaintiffs and similarly situated film production crew members were not paid for any of the work they performed for Defendants during the time they were employed. Extensive efforts were made to recover the wages due to Plaintiffs and similarly situated film production crew members without litigation, but those efforts were rebuffed by Defendants. Plaintiffs therefore have brought this lawsuit on behalf of themselves and similarly situated film production crew members to seek recovery of all monies due.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206 *et seq*. and 29 U.S.C. § 216(b). Jurisdiction over Plaintiffs' state law claims is invoked pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

### 3.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as the events or omissions giving rise to the claims described herein occurred in this judicial district.

## PARTIES

### 4.

Plaintiff Kelsey Brennan is a resident of the State of Georgia. At all relevant times, Plaintiff Brennan was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Brennan has consented in writing to being a Plaintiff in this action. *See* Ex. 1.

### 5.

Plaintiff Kyle Coleman is a resident of the State of Georgia. At all relevant times, Plaintiff Coleman was an "employee" of Defendants as that term is defined

in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Coleman has consented in writing to being a Plaintiff in this action. *See* Ex. 2.

6.

Plaintiff Caryn Frankenfield is a resident of the State of Louisiana. At all relevant times, Plaintiff Frankenfield was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Frankenfield has consented in writing to being a Plaintiff in this action. *See* Ex. 3.

7.

Plaintiff Frank Galline is a resident of the State of Georgia. At all relevant times, Plaintiff Galline was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Galline has consented in writing to being a Plaintiff in this action. *See* Ex. 4.

8.

Plaintiff John A. Johnston is a resident of the State of Louisiana. At all relevant times, Plaintiff Johnston was an "employee" of Defendants as that term is defined in 29 U.S.C. §203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Johnston has consented in writing to being a Plaintiff in this action. *See* Ex. 5.

4

9.

Plaintiff Dawn Snyder is a resident of the State of California. At all relevant times, Plaintiff Snyder was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Snyder has consented in writing to being a Plaintiff in this action. *See* Ex. 6.

10.

Plaintiff Fredrick Waff is a resident of the State of California. At all relevant times, Plaintiff Waff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Waff has consented in writing to being a Plaintiff in this action. *See* Ex. 7.

11.

Plaintiff Cory Geryak is a resident of the State of California. At all relevant times, Plaintiff Geryak was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Geryak has consented in writing to being a Plaintiff in this action. *See* Ex. 8.

12.

Plaintiff Sara Riney is a resident of the State of Georgia. At all relevant times, Plaintiff Riney was an "employee" of Defendants as that term is defined in

29 U.S.C. § 203(e)(1). Pursuant to 29 U.S.C. § 216(b), Plaintiff Riney has consented in writing to being a Plaintiff in this action. *See* Ex. 9.

13.

Defendant Summer WWK LLC is a for-profit limited liability company organized in the State of California. Summer WWK, LLC is the production company established to produce SWWWK. At all relevant times, Defendant Summer WWK LLC was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.

Defendant HL Woods is the Executive Producer of SWWWK and the sole manager of Summer WWK, LLC. Woods is a resident of the State of Michigan, maintains a place of business in the State of California, and conducts business in the State of Georgia. At all relevant times, Defendant Woods was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant Woods is also known as Howard Woods.

15.

Defendant Cherelle George is the Line Producer of SWWWK. At all relevant times, Defendant George was an "employer" within the meaning of the

FLSA, 29 U.S.C. § 203(d).  Upon information and belief, George is a resident of the State of Georgia.

16.

At all times relevant to this lawsuit, Plaintiffs and similarly situated film production crew members were engaged in commerce as Defendants' employees in that they handled goods, equipment and supplies which were used and transported in interstate commerce.

17.

At all times relevant to this lawsuit, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

18.

At all times relevant to this lawsuit, Plaintiffs and similarly situated film production crew members were not exempt from the minimum wage or overtime pay requirements of the FLSA.

**FACTUAL ALLEGATIONS**

19.

SWWWK is a feature length film about a baseball team's quest to win a state championship 50 years ago.

7

20.

Defendant Woods is the Executive Producer of SWWWK and is a principal financier of the film. Woods exercised operational control over Plaintiffs and similarly situated film production crew members and the production of SWWWK. Defendant Woods also exercised control over payroll decisions with respect to Plaintiffs and similarly situated film production crew members.

21.

Defendant George is the Line Producer for SWWWK. Upon information and belief, Defendant Woods hired Defendant George to be Line Producer. As Line Producer for SWWWK, Defendant George was responsible for the on-site management of the SWWWK production crew. Defendant George had the power to, and did, hire Plaintiffs and other SWWWK employees, and directed the work of Plaintiffs and similarly situated film production crew members. Upon information and belief, George also exercised control over payroll decisions with respect to Plaintiffs and similarly situated film production crew members.

22.

Defendant Woods organized Defendant Summer WWK, LLC in the State of California to serve as the production company for SWWWK. Defendant Woods is the sole manager of Defendant Summer WWK, LLC.

8

23.

On or around August 2020, Defendants hired a Location Manager and Location Scouts to find suitable locations in the Atlanta, Georgia metropolitan area to film SWWWK.

24.

On or around September 2020, Defendants hired other "below-the-line" production crew members to prepare for filming, which was anticipated to begin in October 2020.

25.

Between August – October 2020, Defendants hired approximately 22 production crew members to work on SWWWK.

26.

Most, if not all, of the production crew members hired by Defendants were out-of-work due to the COVID-19 pandemic since on or around March 2020, and SWWWK was their first job since then.

27.

The production of SWWWK lacked sufficient financing to pay the crew members. Plaintiffs and similarly situated film production crew members never received any compensation for their work.

28.

Defendant Woods and Defendant George repeatedly assured Plaintiffs and similarly situated film production crew members that payment for their services was forthcoming. Based on such assurances, Plaintiffs and similarly situated film production crew members continued to work for no pay.

29.

In or around October 2020, production on SWWWK was shuttered before filming commenced and Plaintiffs and similarly situated film production crew members were laid off.

30.

Or on around September 25, 2020, Defendant George sent an email stating that Defendants were "dropping the project" until funds were available to pay Plaintiffs and similarly situated film production crew members. Defendant George asked Plaintiffs and similarly situated film production crew members to submit all of their "timecards, start work and receipts" so they could be paid on Tuesday, September 29, 2020.

31.

Plaintiffs and similarly situated film production crew members were not paid on September 29, 2020 for their services provided on SWWWK or anytime thereafter.

32.

Defendant Woods made the decision to not pay Plaintiffs and similarly situated film production crew members.

33.

Plaintiff Kelsey Brennan was hired to work on SWWWK as a Graphic Designer. Plaintiff Brennan worked for Defendants for approximately one week and earned approximately $2,625.00 but did not receive any compensation for her work.

34.

Plaintiff Kyle Coleman was hired to work on SWWWK as an Art Department Leadman. Plaintiff Coleman worked for Defendants for approximately one week and earned approximately $2,730.70 but did not receive any compensation for his work.

35.

Plaintiff Caryn Frankenfield was hired to work on SWWWK as a Costume Supervisor. Plaintiff Frankenfield worked for Defendants for approximately two weeks and earned approximately $7,240.76 but did not receive any compensation for her work.

36.

Plaintiff Frank Galline was hired to work on SWWWK as a Set Decorator. Plaintiff Galline worked for Defendants for approximately two weeks and earned approximately $5,570.31 but did not receive any compensation for his work.

37.

Plaintiff John A. Johnston was hired to work on SWWWK as a Location Manager. Plaintiff Johnston worked for Defendants for approximately five weeks and earned approximately $30,870.23 but did not receive any compensation for his work.

38.

Plaintiff Dawn Snyder was hired to work on SWWWK as an Art Director. Plaintiff Snyder worked for Defendants for approximately two weeks and earned approximately $7,650.00 but did not receive any compensation for her work.

39.

Plaintiff Fredrick Waff was hired to work on SWWWK as a Production Designer. Plaintiff Waff worked for Defendants for approximately four weeks and earned approximately $21,913.82 but did not receive any compensation for his work.

40.

Plaintiff Cory Geryak was hired to work on SWWWK as the Director of Photography. Plaintiff Geryak worked for Defendants for approximately three weeks and earned approximately $22,074.52 but did not receive any compensation for his work.

41.

Plaintiff Sara Riney was hired to work on SWWWK as a Set Decoration Buyer. Plaintiff Riney worked for Defendants for approximately one week and earned approximately $1,757.80 but did not receive any compensation for her work.

42.

After production was shuttered and Plaintiffs and similarly situated film production crew members were not paid by Defendants, the International Alliance of Theatrical Stage Employees, Local 479 ("IATSE Local 479"), a labor

13

organization that represents film and television production employees in Georgia, including many of the Plaintiffs, contacted Defendant George to attempt to secure payments to Plaintiffs and similarly situated film production crew members for their work performed.

43.

Beginning in October 2020, IATSE Local 479 Business Agent Mike Akins made multiple attempts to secure payment for Plaintiffs and similarly situated film production crew members. Despite repeated assurances from Defendant George that Defendant Woods would pay Plaintiffs and similarly situated film production crew members, Plaintiffs and similarly situated film production crew members were never paid.

**COLLECTIVE ACTION ALLEGATIONS**

44.

Plaintiffs bring the FLSA claim as an "opt-in" collective action on behalf of similarly situated production crew members pursuant to 29 U.S.C. § 216(b).

45.

The FLSA claims may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

14

46.

Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to pay production crew members the federal minimum wage and overtime rate. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential opt-in plaintiffs may be notified of the pendency of this action via U.S. mail and/or other appropriate means.

47.

Plaintiffs and the FLSA Class are "similarly situated" because, *inter alia*, all such individuals were employed by Defendants, worked as production crew on SWWWK, and were not paid minimum or overtime wages as required by the FLSA. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

## COUNT I
### Violations of the Fair Labor Standards Act

48.

All previous paragraphs are incorporated as though fully set forth herein.

49.

The FLSA requires that covered employees be compensated for all hours worked at a rate of not less than $7.25 per hour. 29 U.S.C. § 206(a)(1).

15

50.

The FLSA requires that covered employees are entitled to be paid at Overtime Rate for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a)(1).

51.

At all material times, Plaintiffs and other similarly situated employees were non-exempt employees of Defendants.

52.

Defendants are subject to the wage requirements of the FLSA because Defendants were an "employer" under 29 U.S.C. § 203(d) during all relevant times.

53.

During all relevant times, Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54.

During all relevant times, Plaintiffs and other similarly situated employees were covered employees of Defendants, and as such were entitled to the above-described FLSA protections. 29 U.S.C. § 203(e).

55.

By virtue of Defendants' failure or refusal to pay Plaintiffs and other similarly situated employees a minimum wage of at least $7.25 per hour for all hours worked by Plaintiffs, Defendants violated the FLSA. 29 U.S.C. §§ 206 and 215.

56.

By virtue of Defendants' failure or refusal to pay Plaintiffs and other similarly situated employees at the Overtime Rate for all hours worked over forty (40) in a workweek, Defendants violated the FLSA. 29 U.S.C. § 207(a)(1).

57.

Upon information and belief, Defendants also failed to make, keep, and preserve records with respect to Plaintiffs and other similarly situated employees to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

58.

In violating the FLSA, Defendants acted knowingly, willfully, and with reckless disregard of clearly applicable FLSA provisions.

59.

Defendants are liable to Plaintiffs and other similarly situated employees for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages. 29 U.S.C. § 216(b).

## COUNT II
## Unjust Enrichment

60.

All previous paragraphs are incorporated as though fully set forth herein.

61.

By working on SWWWK and performing film production duties, Plaintiffs provided Defendants the valuable benefit of their services.

62.

Plaintiffs' services were valuable to Defendants, Plaintiffs' services were provided at the request of Defendants, Defendants' receipt of the services without compensating Plaintiffs would be unjust, and Plaintiffs expected compensation for their services at the time they provided them to Defendants.

63.

By refusing to compensate Plaintiffs for the valuable services they provided, Defendants have been unjustly enriched and are liable to Plaintiffs on the theory of

quantum meruit under Georgia law. *Nextel South Corp. v. R.A. Clark Consulting*, 266 Ga.App. 85, 86 (2004).

64.

The value of Plaintiffs' services are set forth in paragraphs 33-41, above.

**COUNT III**
**Breach of Contract**

65.

All previous paragraphs are incorporated as though fully set forth herein.

66.

Defendants entered into either express or implied contracts with Plaintiffs to pay Plaintiffs at agreed-upon wage rates in exchange for their services on SWWWK.

67.

Defendants breached the contracts by failing to pay Plaintiffs the agreed-upon amounts.

68.

Defendants are liable to Plaintiffs for breach of contract under Georgia law.

69.

Defendants suffered damages in the amounts set forth in paragraphs 33-41, above.

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, request:

(a) that the Court declare that Defendants have violated Plaintiffs' and other similarly situated employees' rights under the minimum wage and overtime wage provisions of the FLSA;

(b) that the Court award Plaintiffs and other similarly situated employees the value of their unpaid wages;

(c) that the Court award Plaintiffs and other similarly situated employees liquidated damages as authorized by the FLSA;

(d) that the Court award Plaintiffs compensatory damages in the amount by which Defendants were unjustly enriched at Plaintiffs' expense;

(e) that that the Court award Plaintiffs compensatory damages for Defendants' breach of contract;

(f) that the Court award Plaintiffs and other similarly situated employees their expenses of litigation, including their reasonably-incurred attorneys' fees as authorized by the FLSA and/or Georgia law;

(g) that the Court grant Plaintiffs and other similarly situated employees a jury trial on all issues so triable; and

20

(h) award such other further relief that this Court deems just, equitable and

proper.

Respectfully submitted, this 27th day of January, 2021.

By:     s/ Michael B. Schoenfeld
        Georgia Bar No. 863727
        James D. Fagan, Jr.
        Georgia Bar No. 253950
        Stanford Fagan LLC
        2540 Lakewood Avenue SW
        Atlanta, GA 30315
        (404) 622-0521, ext. 2244
        michaels@sfglawyers.com
        jfagan@sfglawyers.com

        s/ Robert S. Giolito
        Georgia Bar No. 296050
        Robert S. Giolito PC
        1626 Montana Ave., Ste 201
        Santa Monica, CA 90403
        (310) 897-1082
        rgiolito@giolitolaw.com

        *Counsel for Plaintiffs*

Ex. 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KELSEY BRENNAN, *et al.*, individually
and on behalf of similarly situated persons,

     Plaintiffs,

v.                          Civil Action No.

SUMMER WWK LLC; HL WOODS;
and CHERELLE GEORGE,

     Defendants.                :

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U.S.C. § 216(b), I consent to become a party plaintiff in the

above-captioned Fair Labor Standards Act case, to be represented by the law firms

of Robert S. Giolito PC and Stanford Fagan LLC, and to be bound by the judgment

of the Court. I provided compensable services on the motion picture production

"Summer When We Were Kings" in Georgia and was not paid for that work.

**Name:**     Kelsey Brennan

**Signature:**

**Address:**

**Phone:**

**Return Form To:**     Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa
Monica CA 90403; telephone 310 897 1082; rgiolito@giolitolaw.com

Ex. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELSEY BRENNAN, *et al.*, individually
and on behalf of similarly situated persons,

      Plaintiffs,

v.                                 Civil Action No.

SUMMER WWK LLC; HL WOODS;
and CHERELLE GEORGE,

      Defendants.               :

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U.S.C. § 216(b), I consent to become a party plaintiff in the

above-captioned Fair Labor Standards Act case, to be represented by the law firms

of Robert S. Giolito PC and Stanford Fagan LLC, and to be bound by the judgment

of the Court. I provided compensable services on the motion picture production

"Summer When We Were Kings" in Georgia and was not paid for that work.

**Name:** Kyle Coleman

**Signature:**

**Address:**

**Phone:**

**Return Form To:**        Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa
Monica CA 90403; telephone 310 897 1082; rgiolito@giolitolaw.com

Ex. 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KELSEY BRENNAN, *et al.*, individually
and on behalf of similarly situated persons,

      Plaintiffs,

v.                                    Civil Action No.

SUMMER WWK LLC; HL WOODS;
and CHERELLE GEORGE,

      Defendants.            :

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U.S.C. § 216(b), I consent to become a party plaintiff in the

above-captioned Fair Labor Standards Act case, to be represented by the law firms

of Robert S. Giolito PC and Stanford Fagan LLC, and to be bound by the judgment

of the Court. I provided compensable services on the motion picture production

"Summer When We Were Kings" in Georgia and was not paid for that work.

**Name:** Caryn Frankenfield

**Signature:**

**Address:**

**Phone:**

**Return Form To:**      Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa
Monica CA 90403; telephone 310 897 1082; rgiolito@giolitolaw.com

Ex. 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KELSEY BRENNAN, *et al.*, individually
and on behalf of similarly situated persons,

      Plaintiffs,

v.                                Civil Action No.

SUMMER WWK LLC; HL WOODS;
and CHERELLE GEORGE,

      Defendants.             :

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U.S.C. § 216(b), I consent to become a party plaintiff in the above-captioned Fair Labor Standards Act case, to be represented by the law firms of Robert S. Giolito PC and Stanford Fagan LLC, and to be bound by the judgment of the Court. I provided compensable services on the motion picture production "Summer When We Were Kings" in Georgia and was not paid for that work.

**Name:** FRANK GALLINE

**Signature:** _____

**Address:** ██████████████████████

**Phone:** ██████████████████████

**Return Form To:** Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa
Monica CA 90403; telephone 310 897 1082; rgiolito@giolitolaw.com

Ex. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELSEY BRENNAN, *et al.*, individually
and on behalf of similarly situated persons,

    Plaintiffs,

v.                          Civil Action No.

SUMMER WWK LLC; HL WOODS;
and CHERELLE GEORGE,

    Defendants.

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U.S.C. § 216(b), I consent to become a party plaintiff in the above-captioned Fair Labor Standards Act case, to be represented by the law firms of Robert S. Giolito PC and Stanford Fagan LLC; and to be bound by the judgment of the Court. I provided compensable services on the motion picture production "Summer When We Were Kings" in Georgia and was not paid for that work.

Name: _____

Signature: _____

Address: _____

Phone: _____

Return Form To:      Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa
Monica CA 90403; telephone 310 897 1082; rgiolito@giolitolaw.com

Ex. 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KELSEY BRENNAN, *et al.*, individually
and on behalf of similarly situated persons,

    Plaintiffs,

v                                   Civil Action No

SUMMER WWK LLC, HL WOODS;
and CHERELLE GEORGE,

    Defendants.

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U S C. § 216(b), I consent to become a party plaintiff in the above-captioned Fair Labor Standards Act case, to be represented by the law firms of Robert S Giolito PC and Stanford Fagan LLC, and to be bound by the judgment of the Court. I provided compensable services on the motion picture production "Summer When We Were Kings" in Georgia and was not paid for that work.

Name:     DAWN SNYDER

Signature:     Dawn

Address:     

Phone:     

Return Form To:    Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa Monica CA 90403; telephone 310 897 1082, rgiolito@giolitolaw.com

Ex. 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KELSEY BRENNAN, *et al.*, individually
and on behalf of similarly situated persons,

      Plaintiffs,

v.                                    Civil Action No.

SUMMER WWK LLC; HL WOODS;
and CHERELLE GEORGE,

      Defendants.               :
_____

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U.S.C. § 216(b), I consent to become a party plaintiff in the above-captioned Fair Labor Standards Act case, to be represented by the law firms of Robert S. Giolito PC and Stanford Fagan LLC, and to be bound by the judgment of the Court. I provided compensable services on the motion picture production "Summer When We Were Kings" in Georgia and was not paid for that work.

**Name:**     Fredrick Waff
_____

**Signature:** _____

**Address:** _____

**Phone:** _____

**Return Form To:**      **Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa Monica CA 90403; telephone 310 897 1082; rgiolito@giolitolaw.com**

Ex. 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KELSEY BRENNAN, *et al.*, individually
and on behalf of similarly situated persons,

       Plaintiffs,

v.                                                                    Civil Action No.

SUMMER WWK LLC; HL WOODS;
and CHERELLE GEORGE,

       Defendants.                                           :

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U.S.C. § 216(b), I consent to become a party plaintiff in the above-captioned Fair Labor Standards Act case, to be represented by the law firms of Robert S. Giolito PC and Stanford Fagan LLC, and to be bound by the judgment of the Court. I provided compensable services on the motion picture production "Summer When We Were Kings" in Georgia and was not paid for that work.

**Name:**      Cory Geryak

**Signature:**

**Address:**

**Phone:**

**Return Form To:**      Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa Monica CA 90403; telephone 310 897 1082; rgiolito@giolitolaw.com

Ex. 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KELSEY BRENNAN, et al., individually
and on behalf of similarly situated persons,

    Plaintiffs,

v.                          Civil Action No.

SUMMER WWK LLC; HL WOODS,
and CHERELLE GEORGE,

    Defendants.

## CONSENT TO JOIN COLLECTIVE ACTION LAWSUIT

Pursuant to 29 U.S.C. § 216(b), I consent to become a party plaintiff in the above-captioned Fair Labor Standards Act case, to be represented by the law firms of Robert S. Giolito PC and Stanford Fagan LLC, and to be bound by the judgment of the Court. I provided compensable services on the motion picture production "Summer When We Were Kings" in Georgia and was not paid for that work.

Name: SARA RINEY

Signature:

Address:

Phone:

Return Form To:    Robert S. Giolito PC, 1626 Montana Ave., Ste 201, Santa Monica CA 90403; telephone 310 897 1092; rgiolito@giolitolaw.com

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

| | |
|---|---|
| **I. (a) PLAINTIFF(S)**<br>Kelsey Brennan; Kyle Coleman; Caryn Frankenfield; Frank Galline; John A. Johnston; Dawn Snyder; Fredrick Waff; Cory Geryak; and Sara Riney; individually and on behalf of all other similarly situated persons | **DEFENDANT(S)**<br>Summer WWK LLC; HL Woods, a.k.a. Howard Woods; and Cherelle George |
| **(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____Fulton_____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | **COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Los Angeles County, CA<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)<br><br>Michael B. Schoenfeld<br>Stanford Fagan LLC<br>2540 Lakewood Avenue SW<br>Atlanta, GA 30315<br>(404) 622-0521, ext. 2244<br>michaels@sfglawyers.com | **ATTORNEYS** (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. GOVERNMENT PLAINTIFF
- ☐ 2 U.S. GOVERNMENT DEFENDANT
- ☒ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- ☐ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| ☐ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ☐ 2 | ☐ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☐ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

- ☒ 1 ORIGINAL PROCEEDING
- ☐ 2 REMOVED FROM STATE COURT
- ☐ 3 REMANDED FROM APPELLATE COURT
- ☐ 4 REINSTATED OR REOPENED
- ☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- ☐ 6 MULTIDISTRICT LITIGATION - TRANSFER
- ☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT
- ☐ 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

A collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the laws of the State of Georgia, to recover unpaid wages, liquidated damages, and attorneys' fees and expenses for work that Plaintiffs and similarly situated persons performed for Defendants without pay.

**(IF COMPLEX, CHECK REASON BELOW)**

- ☐ 1. Unusually large number of parties.
- ☐ 2. Unusually large number of claims or defenses.
- ☐ 3. Factual issues are exceptionally complex
- ☐ 4. Greater than normal volume of evidence.
- ☐ 5. Extended discovery period is needed.
- ☐ 6. Problems locating or preserving evidence
- ☐ 7. Pending parallel investigations or actions by government.
- ☐ 8. Multiple use of experts.
- ☐ 9. Need for discovery outside United States boundaries.
- ☐ 10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT $_____ APPLYING IFP _____ MAG. JUDGE (IFP) _____

JUDGE_____ MAG. JUDGE _____ NATURE OF SUIT _____ CAUSE OF ACTION_____
_(Referral)_

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other
- [ ] 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 463 HABEAS CORPUS- Alien Detainee
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS - Filed Pro se
- [ ] 555 PRISON CONDITION(S) - Filed Pro se
- [ ] 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS - Filed by Counsel
- [ ] 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [x] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY and MEDICAL LEAVE ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK
- [ ] 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 375 FALSE CLAIMS ACT
- [ ] 376 Qui Tam 31 USC 3729(a)
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 485 TELEPHONE CONSUMER PROTECTION ACT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT 899
- [ ] 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $_____

JURY DEMAND [x] YES [ ] NO  (CHECK YES **ONLY** IF DEMANDED IN COMPLAINT)

---

## VIII. RELATED/REFILED CASE(S) IF ANY
JUDGE_____    DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:  (CHECK APPROPRIATE BOX)
- [ ] 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- [ ] 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- [ ] 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- [ ] 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO.                    , WHICH WAS DISMISSED. This case [ ] IS  [ ] IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

---

s/ Michael B. Schoenfeld                                January 27, 2021

SIGNATURE OF ATTORNEY OF RECORD                DATE

# EXHIBIT 2

**Michael Schoenfeld**

| | |
|---|---|
| **From:** | h l <visithl@yahoo.com> |
| **Sent:** | Thursday, May 6, 2021 3:03 PM |
| **To:** | Michael Schoenfeld |
| **Subject:** | Re: Brennan et al v. Summer WWK LLC et al - Notice of Lawsuit |

I have received the complaint and as I said before chandler and chandler will be handling this . I am aware that you have reached out to counsel and hope to have this resolved. Counsel will be handling this from here on in and you will be receiving a call as such tomorrow!! Thanks

On Sunday, May 2, 2021, 10:48:00 PM EDT, h l <visithl@yahoo.com> wrote:

Chandler and chandler law

On Thursday, April 29, 2021, 03:45:19 PM EDT, Michael Schoenfeld <michaels@sfglawyers.com> wrote:

What is his name and contact information?

Mike Schoenfeld

Stanford Fagan LLC

2540 Lakewood Ave SW

Atlanta, GA 30315

404-622-0521, ext. 2244 (office)

404-402-1220 (cell)

*This communication is intended for a specific recipient and may be protected by the attorney-client and/or work-product privileges. If you receive this message in error, please permanently delete it and notify the sender*

**From:** h l <visithl@yahoo.com>
**Sent:** Thursday, April 29, 2021 3:44 PM
**To:** Michael Schoenfeld <MichaelS@sfglawyers.com>
**Subject:** Re: Brennan et al v. Summer WWK LLC et al - Notice of Lawsuit

I have hired attorney he has file and is in review. He will be reaching out to you shortly. He has your information

On Monday, April 26, 2021, 07:45:33 AM EDT, Michael Schoenfeld <michaels@sfglawyers.com> wrote:

Confirming receipt of your email.

Mike Schoenfeld
Stanford Fagan LLC
2540 Lakewood Ave SW
Atlanta, GA 30315
404-622-0521, ext. 2244 (office)
404-402-1220 (cell)

> On Apr 26, 2021, at 7:38 AM, h l <visithl@yahoo.com> wrote:
>
>  Hello I'm currently retaining counsel, he will be responding to you this week in few days. Please confirm
>
> Sent from my iPad
>
>
>> On Apr 23, 2021, at 11:42 AM, Michael Schoenfeld <MichaelS@sfglawyers.com> wrote:

Mr. Woods –

I just called and left a message on your cell phone (818-277-7162).

Please call me back and let me know where you can be served with the summons and complaint for this lawsuit.

If you continue to ignore my communications, we will ask the Court to serve you by publication, and will ask the Court to require you to pay the expenses of making service.

Mike Schoenfeld

Stanford Fagan LLC

2540 Lakewood Ave SW

Atlanta, GA 30315

404-622-0521, ext. 2244 (office)

404-402-1220 (cell)

*This communication is intended for a specific recipient and may be protected by the attorney-client and/or work-product privileges. If you receive this message in error, please permanently delete it and notify the sender*

**From:** Michael Schoenfeld
**Sent:** Monday, March 8, 2021 2:54 PM
**To:** 'h l' <visithl@yahoo.com>
**Cc:** 'Bob Giolito' <rgiolito@giolitolaw.com>
**Subject:** RE: Brennan et al v. Summer WWK LLC et al - Notice of Lawsuit
**Importance:** High

Mr. Woods –

Have you retained counsel? Do you intend to waive service or should we commence personal service on you?

Mike Schoenfeld

Stanford Fagan LLC

2540 Lakewood Ave SW

Atlanta, GA 30315

404-622-0521, ext. 2244 (office)

404-402-1220 (cell)

*This communication is intended for a specific recipient and may be protected by the attorney-client and/or work-product privileges. If you receive this message in error, please permanently delete it and notify the sender*

**From:** Michael Schoenfeld
**Sent:** Monday, March 1, 2021 4:24 PM
**To:** 'h l' <visithl@yahoo.com>
**Cc:** Bob Giolito <rgiolito@giolitolaw.com>
**Subject:** RE: Brennan et al v. Summer WWK LLC et al - Notice of Lawsuit
**Importance:** High


Mr. Woods -


As you know, on January 28, 2021, I mailed and e-mailed the attached waiver of service form and lawsuit to you and Summer WWK LLC. On February 2, 2021, you acknowledged receipt (see below). To date, I have not received the signed waiver of service forms back from you or Summer WWK LLC.


Before we take steps to commence personal service of this lawsuit on you and Summer WWK LLC, I write to ask whether you intend to complete the form or have already mailed it. You may also e-mail me copies of the completed waiver forms.


Please be advised that if you and/or Summer WWK LLC do not agree to waive service, I will ask the Court to require you and Summer WWK LLC to pay the expenses of making service.


If you are represented by counsel, please forward this email to them. Thank you.


Mike Schoenfeld

Stanford Fagan LLC

2540 Lakewood Ave SW

Atlanta, GA 30315

404-622-0521, ext. 2244 (office)

404-402-1220 (cell)


*This communication is intended for a specific recipient and may be protected by the attorney-client and/or work-product privileges. If you receive this message in error, please permanently delete it and notify the sender*

**From:** h l <visithl@yahoo.com>
**Sent:** Tuesday, February 2, 2021 2:26 PM
**To:** Michael Schoenfeld <MichaelS@sfglawyers.com>
**Cc:** Bob Giolito <rgiolito@giolitolaw.com>
**Subject:** Re: Brennan et al v. Summer WWK LLC et al - Notice of Lawsuit


Hello I have received your email and I'm in process of retaining attorney. Will be in touch thanks


On Thursday, January 28, 2021, 03:25:13 PM EST, Michael Schoenfeld <michaels@sfglawyers.com> wrote:


Mr. Woods:


I write to inform you that a lawsuit has been filed against you and Summer WWK LLC to recover unpaid wages for services performed on the film Summer When We Were Kings.


Robert Giolito, who is copied here, and I represent the Plaintiffs in this lawsuit. If you and/or Summer WWK LLC are represented by an attorney, please forward this email to them.


As you will see from the attached notice, we are asking that you and Summer WWK LLC waive formal service of a summons by signing and returning the enclosed waiver forms. If you do not return the signed waiver within the time indicated, we will arrange to have the summons and complaint served on you. We will then ask the court to require you to pay the expenses of making service.


I am also mailing copies of the attached documents to 22647 Ventura Blvd. #2001, Woodland Hills, CA 91364. If you and/or Summer WWK LLC receive mail at a different address, please advise.


Mike Schoenfeld

Stanford Fagan LLC

2540 Lakewood Ave SW

Atlanta, GA 30315

404-622-0521, ext. 2244 (office)

404-402-1220 (cell)

*This communication is intended for a specific recipient and may be protected by the attorney-client and/or work-product privileges. If you receive this message in error, please permanently delete it and notify the sender.*

# EXHIBIT 3

FOR THE  Northern District  CIRCUIT/DISTRICT COURT

Brennan et al
_____
Plaintiff

                    vs.                                        Case No. _____1:21-cv-00423-MHC___

Summer WWK LLC et al
_____
Defendant(s)

### PROCESS SERVER'S AFFIDAVIT OF NON-SERVICE

I, David G Rees _____ being duly sworn, say that I am a legally competent adult who is not a party or an officer of a corporation party, and state:

1.  That on or about  3/25/2021 _____ , I received  Summons & Complaint _____ from
    Michael Schoenfeld _____ , for service on Defendant(s),
    Howard Woods a/k/a HL Woods _____

2.  That I have made diligent efforts to serve the Summons and Complaint upon the Defendants
    at the following locations and on the following dates:

| Location | Day/Date Time |
|---|---|
| 1. 35560 Grand River  Farmington, Mi 48335 | Thursday      4/1/2021   8:30am-10:30am |
| 2. 28507 Golf Pointe Blvd  Farmington Hills, Mi 48331 | Thursday      4/1/2021   10:30am-11:30am |
| 3. 28507 Golf Pointe Blvd  Farmington Hills, Mi 48331 | Saturday      4/3/2021   12:30pm-1:30pm |
| 4. 35560 Grand River  Farmington, Mi 48335 | Saturday      4/3/2021   1:30pm-3:30pm |
| 5. 35560 Grand River  Farmington, Mi 48335 | Monday       4/5/2021   11:30am-1:30pm |

3.  That when I attempted to serve these Defendants at the above location(s):

☐  The person inside refused to answer the door.

☐  Occupant stated that the Defendant did not live there.

☐  Neighbors state that the Defendant did not live there.

☒  Additional Comments:   Defendant not observed on any attempt to serve
_____
_____
_____
_____
_____
_____

I believe that the above-named Defendant is evading service of process.

                                        _____
                                              Signature of Process Server

                                        Printed Name:  David G Rees _____

Subscribed and sworn to before me
this   23   day of  April , 2021

_____
            Notary Public

James Dean Schoenherr
Notary Public, State of Michigan,
County of Macomb
My Commission expires Jan 12, 2024
Acting in the County of Oakland

Macomb _____ County, Michigan

**FOR THE**   <u>Northern District</u> **CIRCUIT/DISTRICT COURT**

Brennan et al
_____
Plaintiff

           vs.                                        Case No.     1:21-cv-00423-MHC

Summer WWK LLC et al
_____
Defendant(s)


## PROCESS SERVER'S AFFIDAVIT OF NON-SERVICE

I, David G Rees _____ being duly sworn, say that I am a legally competent adult who is not a party or an officer of a corporation party, and state:

1.   That on or about  <u>3/25/2021</u>_____ , I received  <u>Summons & Complaint</u>_____ from
Michael Schoenfeld _____ , for service on Defendant(s),
Howard Woods a/k/a HL Woods _____

2.   That I have made diligent efforts to serve the Summons and Complaint upon the Defendants at the following locations and on the following dates:

| Location | Day/Date Time |
|---|---|
| 1. 28507 Golf Pointe Blvd  Farmington Hills, Mi 48331 | Monday    4/5/2021  1:30pm-2:30pm |
| 2. 35560 Grand River  Farmington, Mi 48335 | Wednesday  4/7/2021  3:30pm-6:30pm |
| 3. 28507 Golf Pointe Blvd  Farmington Hills, Mi 48331 | Wednesday  4/7/2021  6:30pm-7:00pm |
| 4. 35560 Grand River  Farmington, Mi 48335 | Friday     4/9/2021  10:30am-1:30pm |
| 5. 28507 Golf Pointe Blvd  Farmington Hills, Mi 48331 | Friday     4/9/2021  1:30pm-2:30pm |

3.   That when I attempted to serve these Defendants at the above location(s):

☐   The person inside refused to answer the door.

☐   Occupant stated that the Defendant did not live there.

☐   Neighbors state that the Defendant did not live there.

☒   Additional Comments:   <u>Defendant not observed on any attempt to serve</u>

_____

_____

_____

_____

_____

_____

I believe that the above-named Defendant is evading service of process.

_____
Signature of Process Server

Printed Name:  David G Rees _____

Subscribed and sworn to before me
this  **23**  day of  _April_ ,  _2021_

_____
Notary Public

_____  County, Michigan

James Dean Schoenherr
Notary Public, State of Michigan,
County of Macomb
My Commission expires Jan 12, 2024
Acting in the County of Oakland

**FOR THE** Northern District **CIRCUIT/DISTRICT COURT**

Brennan et al
Plaintiff

vs.                                              Case No. _____ 1:21-cv-00423-MHC _____

Summer WWK LLC et al
Defendant(s)

### PROCESS SERVER'S AFFIDAVIT OF NON-SERVICE

I, David G Rees _____ being duly sworn, say that I am a legally competent adult
who is not a party or an officer of a corporation party, and state:

1.  That on or about 3/25/2021 _____, I received  Summons & Complaint _____ from
    Michael Schoenfeld _____, for service on Defendant(s),
    Howard Woods a/k/a HL Woods _____

2.  That I have made diligent efforts to serve the Summons and Complaint upon the Defendants
    at the following locations and on the following dates:

| Location | Day/Date | Time |
|---|---|---|
| 1. 35560 Grand River  Farmington, Mi 48335 | Monday      4/12/2021 | 12:00n-2:00pm |
| 2. 28507 Golf Pointe Blvd  Farmington Hills Mi 48331 | Monday      4/12/2021 | 2:00pm-3:00pm |
| 3. 35560 Grand River  Farmington, Mi 48335 | Wednesday  4/14/2021 | 3:00pm-6:30pm |
| 4. 28507 Golf Pointe Blvd  Farmington Hills Mi 48331 | Wednesday  4/14/2021 | 6:300pm-7:30pm |
| 5. 35560 Grand River  Farmington, Mi 48335 | Saturday    4/17/2021 | 9:00am-12:30pm |

3.  That when I attempted to serve these Defendants at the above location(s):

☐  The person inside refused to answer the door.

☐  Occupant stated that the Defendant did not live there.

☐  Neighbors state that the Defendant did not live there.

☒  Additional Comments:   Defendant not observed on any attempt to serve
    _____
    _____
    _____
    _____
    _____
    _____

I believe that the above-named Defendant is evading service of process.

_____
Signature of Process Server

Printed Name:  David G Rees _____

Subscribed and sworn to before me
this  23  day of  April , 2021

_____
Notary Public

Watomb  County, Michigan

James Dean Schoenherr
Notary Public, State of Michigan,
County of Macomb
My Commission expires Jan 12, 2024
Acting in the County of Macomb

**FOR THE** Northern District **CIRCUIT/DISTRICT COURT**

Brennan et al
_____
Plaintiff

        vs.

Summer WWK LLC et al
_____
Defendant(s)

Case No. _____ 1:21-cv-00423-MHC _____

## PROCESS SERVER'S AFFIDAVIT OF NON-SERVICE

I, David G Rees _____ being duly sworn, say that I am a legally competent adult who is not a party or an officer of a corporation party, and state:

1. That on or about 3/25/2021 _____ , I received Summons & Complaint _____ from Michael Schoenfeld _____ , for service on Defendant(s), Howard Woods a/k/a HL Woods _____

2. That I have made diligent efforts to serve the Summons and Complaint upon the Defendants at the following locations and on the following dates:

| Location | Day/Date Time |
|---|---|
| 1. 28507 Golf Pointe Blvd   Farmington Hills, Mi 48331 | Saturday   4/17/2021   12:30pm-1:30pm |
| 2. 35560 Grand River  Farmington Hills, Mi 48335 | Thursday   4/22/2021   4:00pm-6:30pm |
| 3. 28507 Golf Pointe Blvd   Farmington Hills, Mi 48331 | Thursday   4/22/2021   6:30pm-8:00pm |
| 4. | |
| 5. | |

3. That when I attempted to serve these Defendants at the above location(s):

☐ The person inside refused to answer the door.

☐ Occupant stated that the Defendant did not live there.

☐ Neighbors state that the Defendant did not live there.

☒ Additional Comments:  Defendant not observed on any attempt to serve _____

_____
_____
_____
_____
_____
_____

I believe that the above-named Defendant is evading service of process.

_____
Signature of Process Server

Printed Name:  David G Rees _____

Subscribed and sworn to before me
this   25   day of   April   , 2021

_____
Notary Public

Wacomb _____ County, Michigan

James Dean Schoenherr
Notary Public, State of Michigan,
County of Macomb
My Commission expires Jan 12, 2024
Acting in the County of Oakland

# EXHIBIT 4

## Michael Schoenfeld

| | |
|---|---|
| **From:** | zeb chandlerandchandlerlaw.com <zeb@chandlerandchandlerlaw.com> |
| **Sent:** | Monday, May 10, 2021 9:28 AM |
| **To:** | Michael Schoenfeld |
| **Cc:** | Bob Giolito |
| **Subject:** | Re: Brennan et al v. Summer WWK LLC et al - 1:21-cv-00423-MHC |

I have declined to represent Mr HL Woods.

I will forward him this email with your permission.

Get Outlook for iOS

**From:** Michael Schoenfeld <MichaelS@sfglawyers.com>
**Sent:** Monday, May 10, 2021 9:21:44 AM
**To:** zeb chandlerandchandlerlaw.com <zeb@chandlerandchandlerlaw.com>
**Cc:** Bob Giolito <rgiolito@giolitolaw.com>
**Subject:** RE: Brennan et al v. Summer WWK LLC et al - 1:21-cv-00423-MHC

Good morning Zeb,

I have copied Bob Giolito on this email. He is co-counsel for the Plaintiffs in this case.

Please tell Mr. Woods that he has until tomorrow at 5 PM (EST) to authorize you to accept service of the summons and complaint. Otherwise, we will move the Court for permission to serve him by publication which the Court will undoubtably grant because Mr. Woods has acknowledged in writing that he has received the complaint. Our clients have been waiting months for him to stop playing games, and they will wait no further.

I look forward to hearing from you.

**From:** Michael Schoenfeld
**Sent:** Friday, May 7, 2021 12:37 PM
**To:** 'zeb@chandlerandchandlerlaw.com' <zeb@chandlerandchandlerlaw.com>
**Subject:** Brennan et al v. Summer WWK LLC et al - 1:21-cv-00423-MHC

Zeb –

Here is my contact information.

Mike Schoenfeld
Stanford Fagan LLC
2540 Lakewood Ave SW
Atlanta, GA 30315
404-622-0521, ext. 2244 (office)
404-402-1220 (cell)

*This communication is intended for a specific recipient and may be protected by the attorney-client and/or work-product privileges. If you receive this message in error, please permanently delete it and notify the sender*

# EXHIBIT 5

# **Recon Management Group, LLC**

Tax ID #26-0014579

# INVOICE

30400 Telegraph Road, Ste.472
Bingham Farms, MI  48025

| | |
|---|---|
| Invoice Number: | 94534 |
| Invoice Date: | Apr 28, 2021 |
| Page: | 1 |

Voice:   (248) 540-0160
Fax:      (248) 540-3622

| **Bill To:** |
|---|
| Stanford Fagan LLC
Mike Schoenfeld
2540 Lakewood Ave SW
Atlanta, GA  30315 |

| Customer ID | Customer PO | Payment Terms | Sales Rep ID |
|---|---|---|---|
| Stanford Fagan LLC | Serve Woods | On Receipt | Process Serves-JS |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
|  | Process Serves |  |  |
|  | Case #1:21-cv-00423-MHC |  |  |
|  | Brennan et al v Summer WWK LLC et al |  |  |
| 1.00 | Attempts to serve 04/01/21, 04/03/21, 04/05/21, 04/07/21, 04/09/21, 04/12/21, 04/14/21, 04/17/21, 04/22/21 | 49.00 | 49.00 |
|  | Summons and Complaint - Howard Lawrence Woods III |  |  |
| 1.00 | No charge for serve as courtesy | 49.00 | -49.00 |
| 1.00 | Locate | 170.00 | 170.00 |
| 33.50 | Surveillance - Reduced rate as courtesy (regular rate $65/hour) | 55.00 | 1,842.50 |

| | |
|---|---|
| Subtotal | 2,012.50 |
| Sales Tax | |
| Total Invoice Amount | 2,012.50 |
| Payment/Credit Applied | |
| **TOTAL** | **2,012.50** |

Check/Credit Memo No:

# EXHIBIT 6

**Recon Management Group, LLC**

Tax ID #26-0014579

# INVOICE

30400 Telegraph Road, Ste.472
Bingham Farms, MI  48025

| | |
|---|---|
| Invoice Number: | 94727 |
| Invoice Date: | May 28, 2021 |
| Page: | 1 |

Voice:  (248) 540-0160
Fax:    (248) 540-3622

**Bill To:**

Stanford Fagan, LLC
Michael Schoenfeld
2540 Lakewood Ave SW
Atlanta, GA  30315

| Customer ID | Customer PO | Payment Terms | Sales Rep ID |
|---|---|---|---|
| Stanford Fagan LLC | Serve Woods | On Receipt | Process Serves-JS |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1.00 | Process Serves<br>Case #1:21-cv-00423-MHC<br>Brennan et al v Summer WWK LLC et al<br>Serve 05/10/21 \| Summons and Complaint \| Howard Lawrence Woods<br>29181 Northwestern Hwy, Southfield, Mi 48034 | 49.00 | 49.00 |

| | |
|---|---|
| Subtotal | 49.00 |
| Sales Tax | |
| Total Invoice Amount | 49.00 |
| Payment/Credit Applied | |
| **TOTAL** | **49.00** |

Check/Credit Memo No: