**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN CARYN FRANKENFIELD; FRANK GALLINE; JOHN A. JOHNSTON; DAWN SNYDER; FREDRICK WAFF; CORY GERYAK; and SARA RINEY; individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SUMMER WWK LLC; HL WOODS, a.k.a. HOWARD WOODS; and CHERELLE GEORGE,<br><br>Defendants. | CIVIL ACTION FILE NO.: 1:21-cv-00423-MHC<br><br><br><br><br>DEMAND FOR JURY TRIAL |

**DEFENDANT HL WOODS a.k.a HOWARD WOODS'S RESPONSE
IN PARTIAL OPPOSITION TO MOTION FOR COSTS OF SERVICE
AGAINST DEFENDANT WOODS**

COMES NOW Defendant H.L. Woods and submits this Response in Partial Opposition to Motion For Costs of Service Against Defendant Woods Pursuant to Fed.R.Civ.P. 4(d)(2) [Doc.30].

Although Defendant vigorously denies Plaintiffs' unsupported and mischaracterizations of his alleged motivations and actions, Defendant's sole legal objection to Plaintiffs' Motion is limited to the request for an award of attorneys'

fees and costs pursuant to Fed. R.Civ. P. 4(d)(2)(B) as no showing has been made that a "motion [was] required to collect those service expenses[]" as required by the plain language of the rule and as Plaintiffs have failed to provide sufficient evidence that the attorneys' fees sought are reasonable.

### 1. Plaintiffs have failed to show that the Motion is "required" for recovery of the costs of service.

As an initial matter, notwithstanding the bald assertions to the contrary, Plaintiffs' Motion establishes that Defendant Woods <u>did not</u> attempt to evade service as he admittedly arranged for a convenient time and place to effectuate personal service of the lawsuit and did not raise any affirmative or timeliness defenses pursuant to FED.R.CIV.P 4(m).  Plaintiffs' Motion does, however, fail to show that the instant Motion was "required" as set forth in the plain language of FED. R.CIV. P. 4(d)(2)(B).  More specifically, Plaintiffs' Motion fails to reflect that there was any prior demand or request for payment of the costs of service, the refusal of which required the instant motion.  By failing to attempt a resolution of the issue without resort to the Court, Plaintiffs have <u>also</u> failed to meet their duty to avoid unnecessary litigation, and, therefore, the request for attorneys' fees should be denied.  *Cf. Sahyers v. Prch, Hollida & Karatinos, PL*, 560 F.3d 1241 (11th Cir. 2009) (noting in a FLSA action that in appropriate circumstances, the failure to contact defendant, while not required, could support denial of attorneys' fees).

## 2. Even if the Motion otherwise satisfies the requirements of Fed. R.Civ. P. 4(d)(2)(B), the request for attorneys' fees should be denied for lack of sufficient evidence.

In addition, Plaintiffs' Motion for attorneys' fees fails for lack of sufficient information regarding the reasonableness of the rate and the time expended. As the Eleventh Circuit noted in *Loranger v. Stierheim*, "[t]he starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate….The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.' ... By 'satisfactory evidence,' we mean *'more than the affidavit of the attorney performing the work.'* " 10 F.3e 776, 781 (11th Cir. 1994) (citations omitted; emphasis added).  Here, Plaintiffs' counsel's sole support for more than $2,000 in attorneys' fees for a relatively straightforward motion[1] is his own affidavit in which he acknowledges that the work in this case is in connection with a client whom he normally charges $170 per hour, or less than half the hourly fee sought from Defendant in Plaintiffs' instant Motion.  As such, Plaintiffs' requests for attorneys' fees should be denied for lack of sufficient evidence.

---

[1]   For comparison, the plaintiff in *Steger v. Maxwell & Morgan, P.C.*, Civil Action No. 1:15-cv-3396, 2016 WL 11569349 (N.D. Ga. Sept. 19, 2016) (Magistrate Janet King) sought less than half that amount just 5 years ago.

Wherefore, in light of the foregoing, Defendant requests that the Motion be denied in part by denying Plaintiffs' requests for attorneys' fees for preparation of the Motion [Doc. 30].

Respectfully submitted, this 23rd day of July, 2021.

s/Douglas H. Duerr
Douglas H. Duerr
Georgia Bar No. 231772

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com

*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN; CARYN FRANKENFIELD; FRANK GALLINE; JOHN A. JOHNSTON; DAWN SNYDER; FREDRICK WAFF; CORY GERYAK; and SARA RINEY; individually and on behalf of similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> SUMMER WWK LLC; HL WOODS, a.k.a. HOWARD WOODS; and CHERELLE GEORGE, <br><br> Defendants. | CIVIL ACTION FILE NO.: <u>1:21-cv-00423-MHC</u> <br><br><br><br><br><br><br> DEMAND FOR JURY TRIAL |

**<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned hereby certifies that this document complies with the font and point selection approved by the Court in Local Rule 5.1. This brief has been prepared in Times New Roman font, 14 point.

Respectfully submitted this 23rd day of July, 2021.

By: <u>s/Douglas H. Duerr</u><br>
Douglas H. Duerr<br>
Georgia Bar No. 231772

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN  )<br>CARYN FRANKENFIELD; FRANK        )<br>GALLINE; JOHN A. JOHNSTON; DAWN )<br>SNYDER; FREDRICK WAFF; CORY       )<br>GERYAK; and SARA RINEY;                      )<br>individually and on behalf of similarly    )<br>situated persons,                                       )<br>                                                                     )<br>Plaintiffs,                                                  )<br>                                                                     )<br>v.                                                                 )<br>                                                                     )<br>SUMMER WWK LLC; HL WOODS,     )<br>a.k.a. HOWARD WOODS; and              )<br>CHERELLE GEORGE,                             )<br>                                                                     )<br>Defendants.                                              ) | CIVIL ACTION FILE NO.:<br>1:21-cv-00423-MHC<br><br><br><br>DEMAND FOR JURY TRIAL |

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, I electronically filed the foregoing **DEFENDANT HL WOODS a.k.a HOWARD WOODS RESPONSE IN PARTIAL OPPOSITION TO MOTION FOR COSTS OF SERVICE AGAINST DEFENDANT WOODS** with the Clerk of Court using the CM/ECF System. I hereby further certify that on the same date, I served a true and correct copy of Defendant's Answer via the Court's e-filing system, which will automatically email a copy to all parties and counsel of record as follows:

- 2 -

Michael B. Schoenfeld
James Fagan, Jr.
Stanford Fagen, LLC
2540 Lakewood Avenue SW
michaels@sfglawyers.com
jfagan@sfglawyers.com

Robert S. Giolito
Robert S. Giolitio PC
1626 Montana Ave., Ste 201
Santa Monica, CA 90403
rgiolitio@giolitolaw.com

Respectfully submitted, this 23rd day of July, 2021.

s/Douglas H. Duerr
Douglas H. Duerr
Georgia Bar No. 231772