**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KELSEY BRENNAN; KYLE COLEMAN;  :
CARYN FRANKENFIELD; FRANK      :
GALLINE; JOHN A. JOHNSTON;      :
DAWN SNYDER;FREDRICK  WAFF;   :
CORY GERYAK; and SARA RINEY;    :
individually and on behalf of similarly  :
situated persons,                         :
                                    :
     Plaintiffs,                :     CIVIL ACTION FILE
                                :     NO. 1:21-CV-00423-MHC
v.                               :
                                :
                                :
SUMMER WWK LLC; HL WOODS,    :
also known as HOWARD WOODS; and :
CHERELLE GEORGE,          :
                                :
     Defendants.              :
_____ :

<u>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS OF**</u>
<u>**SERVICE AGAINST DEFENDANT WOODS PURSUANT**</u>
<u>**TO FED. R. CIV. P. 4(D)(2)**</u>

COME NOW Plaintiffs Kelsey Brennan, Kyle Coleman, Caryn

Frankenfield, Frank Galline, John A. Johnston, Dawn Snyder, Fredrick Waff, Cory

Geryak, and Sara Riney (together "Plaintiffs"), by and through undersigned

counsel, and submit this Reply Brief in support their Motion for Costs of Service

against Defendant HL Woods, also known as Howard Woods. (ECF No. 30).

**I.     Defendant Woods does not oppose Plaintiffs' request for $2,061.50 in service expenses and concedes that he did not have good cause to fail to waive service.**

In his Response in Partial Opposition to Plaintiffs' Motion for Costs of Service, (ECF No. 34), Defendant Woods concedes that Plaintiffs are entitled to $2,061.50 in service expenses. Defendant Woods states that his "sole legal objection to Plaintiffs' Motion is limited to the request for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 4(d)(2)(B)." (Def. Woods' Resp. at p. 1-2). Defendant Woods does not contest Plaintiffs' right to the expenses incurred in making service on him. As a result, Plaintiffs' request for $2,061.50 in service expenses should be granted.

Moreover, in Defendant Woods' Response, he <u>does not</u> contend that he had good cause to fail to sign and return the waiver requested by Plaintiffs. Instead, he argues that fees should be denied because, 1) Plaintiffs fail to show that the instant Motion was "required", and 2) Plaintiffs' Motion fails for lack of sufficient information regarding the reasonableness of the rate and the time expended. (Def. Woods' Resp. at pp. 2-3). However, as argued below, under Fed. R. Civ. P. 4(d)(2), "the court must impose" on Defendant Woods the reasonable attorneys' fees sought by Plaintiffs because Defendant Woods has failed to make a showing of good cause.

**II.    Plaintiffs are not required to ask Defendant Woods to pay service expenses prior to bringing the instant Motion.**

In his Response, Defendant Woods argues that Plaintiffs are not entitled to an award of attorneys' fees because, "Plaintiffs' Motion fails to reflect that there was any prior demand or request for payment of the costs of service". (Def. Woods' Response at p. 2). However, Fed. R. Civ. P. 4 does not require Plaintiffs to make a demand on Defendant Woods prior to bringing a motion to collect service expenses and attorneys' fees.

> Fed. R. Civ. P. 4(d)(2) provides that
>
> *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Under Fed. R. Civ. P. 4(d)(2)(B), if a defendant fails, without good cause, to sign and return a waiver requested by a plaintiff, "*the court must impose* on the defendant […] the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." (emphasis added).

As argued above, in his Response Defendant Woods does not argue that he had good cause for his failure to return Plaintiffs' waiver request. As a result,

under Rule 4(d)(2), the Court therefore "must impose" on Defendant Woods, 1) the expenses of making service, *and* 2) attorney's fees for the motion required to collect the service expenses. The Rule does not require Plaintiffs to make a demand on Defendant Woods prior to bringing a motion.[1] The only conditions that must be satisfied by Plaintiffs to obtain an order awarding "reasonable expenses, including attorney's fees" are that Plaintiffs must have, 1) asked Defendant Woods to waive service, and that 2) Defendant Woods failed to sign and return the waiver without good cause. Both conditions are clearly satisfied here, and thus under Rule 4(d)(2), the Court "must impose" on Defendant Woods reasonable attorneys' fees.

### III. Plaintiffs supported their request for attorneys' fees with sufficient evidence.

Defendant Woods argues that Plaintiffs did not provide satisfactory evidence to support their request for $2,012.50 in attorneys' fees because Plaintiffs rely only on the declaration of counsel to support the requested award. However, Plaintiffs do not rely solely on the affidavit of counsel for its request. Instead, Plaintiffs also rely on a fee award issued to the undersigned by this Court four years ago as well as several other fee awards approved by this Court in recent cases. (*See* Pl's Mot. for Costs of Serv. at pp. 10-11).

---

[1] Indeed, this action involves allegations that Defendant Woods reneged on repeated promises to pay Plaintiffs thousands of dollars, (*see* Complaint, ECF No. 1), and therefore it is reasonable for Plaintiffs to seek an enforceable judgment from the Court against Defendant Woods.

As shown in the Supplemental Declaration submitted herewith, after work on the Reply, the undersigned spent 7.75 hours researching and drafting the Motion for Costs of Service, Declaration, and Reply, (Schoenfeld Supp. Decl. ¶ 2), and therefore Plaintiffs incurred $2,712.50 in attorneys' fees (7.75 hours x $350[2]) on their Motion to collect service expenses.

### IV.    Conclusion

For the foregoing reasons, and the reasons set forth in Plaintiffs' Motion for Costs of Service, Plaintiffs request reimbursement of $2,061.50 in expenses to personally serve Defendant Woods, and $2,712.50 in attorneys' fees for researching and drafting the Motion, Declaration, and Reply, for a total of $4,774.00. An amended Proposed Order is filed herewith.

Respectfully submitted, this 29th day of July, 2021.

By:    s/ Michael B. Schoenfeld
Georgia Bar No. 863727
James D. Fagan, Jr.
Georgia Bar No. 253950
Stanford Fagan LLC
2540 Lakewood Avenue SW
Atlanta, GA 30315
(404) 622-0521, ext. 2244

---

[2] As argued in Plaintiffs' Motion for Costs of Service, it is well-established that that the hourly rate for an attorneys' fee award is the market rate, not a reduced or contingency rate charged to a client. *Blum v. Stenson*, 465 U.S. 886 (1984). Thus, the fee award in this case should be based on "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

michaels@sfglawyers.com
jfagan@sfglawyers.com

<u>s/ Robert S. Giolito</u>
Georgia Bar No. 296050
Robert S. Giolito PC
1626 Montana Ave., Ste 201
Santa Monica, CA 90403
(310) 897-1082
rgiolito@giolitolaw.com

*Counsel for Plaintiffs*

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned attorney hereby certifies, pursuant to LR 7.1(D), NDGa.,

that the foregoing **REPLY IN SUPPORT OF MOTION FOR COSTS OF**

**SERVICE AGAINST DEFENDANT WOODS** was prepared in accordance with

LR 5.1, NDGa., using Times New Roman font, 14 point.

By:    <u>s/ Michael B. Schoenfeld</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2021, I submitted the foregoing **REPLY IN SUPPORT OF MOTION FOR COSTS OF SERVICE AGAINST DEFENDANT WOODS** to the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

Michael K. McGuffee
Georgia Bar No. 720456
William S. Cleveland
Georgia Bar No. 721593
POOLE HUFFMAN, LLC
3562 Habersham at Northlake
Building J, Suite 200
Tucker, Georgia 30084

*Attorneys for Defendant Cherelle George*

Douglas H. Duerr
Georgia Bar No. 231772
ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303

*Attorney for Defendant HL Woods*

By:     s/ Michael B. Schoenfeld