IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN; CARYN FRANKENFIELD; FRANK GALLINE; JOHN A. JOHNSTON; DAWN SNYDER; FREDERICK WAFF; CORY GERYAK; and SARA RINEY, individually and on behalf of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SUMMER WWK LLC; HL WOODS, also known as HOWARD WOODS; and CHERELLE GEORGE, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:21-CV-0423-MHC |

## ORDER

Before the Court is Plaintiffs' Motion for Contempt and Sanctions Against Defendant HL Woods ("Mot. for Contempt") [Doc. 45] based upon his failure to pay $4,074.00 which amount constitutes the expenses Plaintiffs incurred in serving HL Woods and the reasonable expenses required to collect those expenses.

## I. BACKGROUND

On August 17, 2021, this Court ordered Defendant HL Woods to pay Plaintiffs $4,074.00 pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure based upon the expenses Plaintiffs incurred in making service of the Complaint ($2,061.50) and the reasonable expenses required to collect those service expenses ($2,012.50). Aug. 17, 2021, Order [Doc. 40]. In addition to the $4,074.00 the Court has already found that HL Woods owes to Plaintiffs, Plaintiffs now also seek $1,137.50 in attorney's fees they expended in bringing the present Motion for Contempt.

On April 11, 2022, the Court ordered HL Woods to show cause why he should not be held in contempt for failing to make the $4,074.00 payment within the prescribed period of time and why appropriate civil contempt sanctions, including, but not limited to a daily fine of $250.00, should not be imposed. Apr. 11, 2022, Order [Doc. 68]. Subsequently, the case was stayed based upon the parties' representation that they reached a settlement on a central issue in the case. See Apr. 27, 2022, Order [Doc. 70]. However, after the parties informed the Court that they were unable to reach a settlement, the Court again ordered HL Woods to show cause within seven (7) days why he should not be held in contempt for failing to make the $4,074.00 payment within the prescribed period of time and

2

why appropriate civil contempt sanctions, including a daily fine of $250.00, should not be imposed. Aug. 9, 2022, Order [Doc. 72]. HL Woods failed to respond to the Court's August 9, 2022, Order in the time prescribed by the Court.

## II.   LEGAL STANDARD

Courts have the inherent power to enforce compliance with their lawful orders through civil contempt. Shillitani v. United States, 384 U.S. 364, 370 (1966); Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). A party "in a civil contempt proceeding must establish by clear and convincing evidence that the alleged contemnor violated the court's earlier order." United States v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988) (citation omitted). Once this *prima facie* showing of a violation is made, the burden then shifts to the alleged contemnor "to produce evidence explaining his noncompliance." Citronelle-Mobile Gathering, Inc., 943 F.2d at 1301; see also Mercer v. Mitchell, 908 F.2d 763, 768 (11th Cir. 1990).

## III.   ANALYSIS

The Court's Orders from August 17, 2021, April 11, 2022, and August 9, 2022 [Docs. 40, 68, 72], are clear and unambiguous as to their requirements. They ordered HL Woods to pay $4,074.00 related to the expenses incurred by Plaintiffs.

HL Woods has not paid this amount. Mot. for Contempt at 3. This establishes a *prima facie* showing that HL Woods has violated the Court Orders.

Accordingly, the burden has shifted to HL Woods to produce evidence explaining his noncompliance. See Citronelle-Mobile Gathering, Inc., 943 F.2d at 1301. HL Woods has failed to attempt to satisfy this burden in any way whatsoever. After consideration of the entire record of this case, the Court hereby finds that Defendant HL Woods is in willful contempt of this Court's Orders of August 17, 2021, April 11, 2022, and August 9, 2022.

Once a court finds a party in contempt of an order, the court may utilize its civil contempt power to impose sanctions on the contemnor. See Mercer, 908 F.2d at 768. Sanctions imposed may be compensatory or coercive, but cannot be used to impose a punishment on a contemnor. See Sec. & Exch. Comm'n v. Pension Fund of Am., No. 10-10464, 2010 WL 3582429, at *5 (11th Cir. Sept. 15, 2010) (vacating sanctions against a contemnor for failing to attend a show cause hearing because the sanctions were criminal in nature). Examples of proper civil sanctions include: (1) a coercive daily fine, (2) coercive incarceration, and/or (3) an award of attorneys' fees and costs to compensate the complaining party for the expenses incurred as a result of the contemptuous conduct. See Citronelle-Mobile Gathering, Inc., 943 F.2d at 1304-05; see also In re Dinnan, 625 F.2d 1146 (5th

4

Cir. 1980)[1] (upholding Middle District of Georgia contempt order where the contemnor was ordered to pay $100 per day fine for thirty days and then be incarcerated until he continued to testify).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Contempt and Sanctions Against Defendant HL Woods [Doc. 45] is **GRANTED**. Defendant HL Woods is in willful contempt of this Court's Orders of August 17, 2021, April 11, 2022, and August 9, 2022, for failing to pay $4,074.00. Additionally, HL Woods shall also pay $1,137.50 in attorney's fees to Plaintiffs. If HL Woods fails to comply with this Order by 5 P.M. on Monday, August 22, 2022, HL Woods shall pay a fine of $250.00 per day beginning on Tuesday, August 23, 2022, until he shall purge himself of contempt.

**IT IS SO ORDERED** this 17th day of August, 2022.

_____
MARK H. COHEN
United States District Judge

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.