IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELSEY BRENNAN; KYLE COLEMAN;  :
CARYN FRANKENFIELD; FRANK       :
GALLINE; JOHN A. JOHNSTON;      :
DAWN SNYDER;FREDRICK  WAFF;     :
CORY GERYAK; and SARA RINEY;    :
individually and on behalf of similarly :
situated persons,               :
                                :
    Plaintiffs,               :      CIVIL ACTION FILE
                                :      NO. 1:21-CV-00423-MHC
v.                              :
                                :
                                :
SUMMER WWK LLC; HL WOODS,        :
also known as HOWARD WOODS; and  :
CHERELLE GEORGE,                 :
                                :
    Defendants.               :
_____ :

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT WOODS' MOTION TO EXTEND TIME**

COME NOW Plaintiffs Kelsey Brennan, Kyle Coleman, Caryn

Frankenfield, Frank Galline, John A. Johnston, Dawn Snyder, Fredrick Waff, Cory

Geryak, and Sara Riney (together "Plaintiffs"), by and through undersigned

counsel, and submit their response in opposition to Defendant HL Woods' motion

to extend time to respond to Plaintiffs' and Defendant George's motion to enforce

and approve FLSA settlement agreement. ECF No. 75.

On August 17, 2022, Plaintiffs and Defendant George filed their joint motion to enforce and approve FLSA settlement agreement. The "Joint Motion", ECF No. 73. On August 30 - one day before a response to the Joint Motion was due - counsel for Defendant Woods filed a motion to extend the deadline to respond to the Joint Motion. Woods' attorney - Douglas H. Duerr - writes that, "As the result of an apparent conflict that has arisen following the filing of [the Joint Motion] … Mr. Duerr requests that the Court extend the time for Defendant Woods to respond to such Motion so as to permit Mr. Duerr time to withdraw and for Defendant Woods to engage alternate counsel." Mot. to Extend at ¶¶ 1, 3. Mr. Duerr fails to identify the nature of the "apparent conflict."

"Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend the time for when an act may be done for good cause." *Hermann v. McFarland,* 1:20-CV-02313-ELR, 2021 WL 7210364, *1 (N.D. Ga. July 26, 2021). Plaintiffs submit that Defendant Woods has not shown good cause to extend the deadline to respond to the Joint Motion.

For one, Mr. Duerr waited until the second to last day to ask the Court for an extension of time. Mr. Duerr represents that "an apparent conflict" arose following the filing of the Joint Motion, but Mr. Duerr fails to provide any specificity whatsoever about the nature of the conflict. Specific grounds for the "apparent

2

conflict" must be provided for the Court to determine whether just cause exists to extend the filing deadline and to justify why Mr. Duerr waited until the second to last day to request additional time.

Furthermore, Plaintiffs will oppose Mr. Duerr's attempt to withdraw from this case. As argued in the Joint Motion, Mr. Duerr, acting on apparent authority to bind his client, negotiated a settlement agreement that resolved all material terms of this lawsuit. *See* Brief ISO Joint Motion at pp. 4-8, ECF No. 73-1. Mr. Duerr - after negotiating a binding settlement agreement - now conveniently wants to remove himself from the case. However, a change in attorney for Defendant Woods will result in further delay of this litigation and may prejudice the Plaintiffs and Defendant George. *Cf. Dering v. Service Experts Alliance, LLC,* 1:06-cv-00357, 2007 WL 4299968, *12 (N.D. Ga. Dec. 6, 2007) (approving attorney's motion to withdraw after finding that the withdrawal would not prejudice the plaintiffs or delay the proceedings). Indeed, permitting Mr. Duerr to withdraw from this case will likely result in a substantial delay. Defendant Woods is currently in contempt of Court. *See* Contempt Order, ECF No. 74. As of the date of this filing, Defendant Woods owes approximately $3,500 in fines, in addition to $5,211.50 that he has been ordered to pay Plaintiffs. *Id*. at p. 5. Due to this, and the

3

pending Joint Motion, Defendant Woods will undoubtedly have a difficult time retaining alternate counsel to represent him in this case.

For the aforementioned reasons, Plaintiffs respectfully submit that Defendant Woods' motion to extend time should be denied.

Respectfully submitted, this 6th day of September, 2022.

By:   s/ Michael B. Schoenfeld
      Georgia Bar No. 863727
      James D. Fagan, Jr.
      Georgia Bar No. 253950
      Stanford Fagan LLC
      2540 Lakewood Avenue SW
      Atlanta, GA 30315
      (404) 622-0521, ext. 2244
      michaels@sfglawyers.com
      jfagan@sfglawyers.com

      s/ Robert S. Giolito
      Georgia Bar No. 296050
      Robert S. Giolito PC
      1626 Montana Ave., Ste 201
      Santa Monica, CA 90403
      (310) 897-1082
      rgiolito@giolitolaw.com

      *Attorneys for Plaintiffs*

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned attorney hereby certifies, pursuant to LR 7.1(D), NDGa.,

that the foregoing **RESPONSE IN OPPOSITION TO DEFENDANT WOODS'**

**MOTION TO EXTEND TIME** was prepared in accordance with LR 5.1, NDGa.,

using Times New Roman font, 14 point.

By:   <u>s/ Michael B. Schoenfeld</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2022, I submitted the foregoing

**RESPONSE IN OPPOSITION TO DEFENDANT WOODS' MOTION TO**

**EXTEND TIME** to the Clerk of Court using the CM/ECF system, which will send

a notification of such filing to the following counsel of record:

>Michael K. McGuffee
>Georgia Bar No. 720456
>William S. Cleveland
>Georgia Bar No. 721593
>POOLE HUFFMAN, LLC
>3562 Habersham at Northlake
>Building J, Suite 200
>Tucker, Georgia 30084
>
>*Attorneys for Defendant Cherelle George*
>
>Douglas H. Duerr
>Georgia Bar No. 231772
>ELARBEE, THOMPSON, SAPP & WILSON, LLP
>229 Peachtree Street, N.E.
>800 International Tower
>Atlanta, GA 30303
>
>*Attorney for Defendant HL Woods*

>By:   s/ Michael B. Schoenfeld