IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN CARYN FRANKENFIELD; FRANK GALLINE; JOHN A. JOHNSTON; DAWN SNYDER; FREDRICK WAFF; CORY GERYAK; and SARA RINEY; individually and on behalf of similarly situated persons, <br><br>Plaintiffs, <br><br>v. <br><br>SUMMER WWK LLC; HL WOODS, a.k.a. HOWARD WOODS; and CHERELLE GEORGE, <br><br>Defendants. | CIVIL ACTION FILE NO.: 1:21-cv-00423-MHC <br><br><br>DEMAND FOR JURY TRIAL |

**RESPONSE IN OPPOSITION TO MOTION TO COMPEL SETTLEMENT**

COMES NOW Defendant HL Woods and submits this Response to Plaintiffs' and Defendant George's Motion to Compel Settlement [Doc. 73].

The Court need not determine whether there was an enforceable settlement agreement as to the extent there was, Plaintiffs and Defendant George have materially breached the Agreement entitling Defendant Woods to recission pursuant to OCGA § 13–4–62, which right he exercises, and requiring a return to the status

quo prior to any alleged agreement. As such, the Motion should be denied in its entirety.

## Argument and Citation of Authority.

### A. Standard of review.

When construing and enforcing settlement agreements, the court should apply state contract law. *Cohen v. DeKalb County School Dist.*, No. 1:09cv1153 WSD., 2009 WL 4261161, at *4 (N.D.Ga. Nov.25, 2009) (citing *Vinnett v. General Elec. Co.*, 271 Fed. Appx. 908, 912 (11th Cir.2008)). Under Georgia law, courts evaluate a motion to enforce a settlement agreement under "standards similar to a motion for summary judgment." Id. (citing Ballard v. Williams, 223 Ga.App. 1, 1, 476 S.E.2d 783, 784 (1996). "To prevail, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [plaintiff's] case." *Walls v. Walls*, 260 Ga.App. 673, 675, 580 S.E.2d 564 (2003). The moving party bears the burden of showing the absence of a genuine issue of material fact, and "[t]he Court must draw all disputed factual inferences in the light most favorable to the non-moving party." *Cohen*, 2009 WL 4261161, at *4 (citing *Vinnett*, 271 Fed. Appx. at 912). "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Herzog v. Castle*

*Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir.1999).  Under Georgia law, "an agreement for settlement and compromise of a pending lawsuit must meet the same formation and <u>enforceability requirements as any other contract</u>." *Cohen*, 2009 WL 4261161, at *4 (citing *Blum v. Morgan Guar. Trust Co. of NY*, 709 F.2d 1463, 1467 (11th Cir.1983)) (emphasis added).

### B. Because Movants have breached the purported agreement, and Defendant exercises his right to rescind, it is unenforceable as a matter of law.

When there has been a breach of contract, the other party to that contract

> has the election to rescind or continue under the contract and recover damages for the breach. But to justify rescission, there must be a material nonperformance or breach by the opposing party. If the breach is not material, the party is limited to a claim for damages and cannot rescind the contract. A breach is material when it is so substantial and fundamental as to defeat the object of the contract. In other words, to trigger the right to rescission, the act failed to be performed must go to the root of the contract.

(Citation and punctuation omitted.) *Vidalia Outdoor Products v. Higgins*, 305 Ga.App. 836, 837–38, 701 S.E.2d 217 (2010). *See also* OCGA §§ 13–4–62 ("A party may rescind a contract without the consent of the opposite party on the ground of nonperformance ... when both parties can be restored to the condition in which they were before the contract was made.")  Defendant HL Woods rescinds any purported

settlement agreement due to the breach by Plaintiffs and Defendant George of the confidentiality requirements among other provisions.[1]

Here, the purported agreement's confidentiality clause was material to any agreement, and not incidental or some sort of "usual terms" or otherwise incidental provision as it was subject to intense negotiation and expressly identified by the parties as material to the alleged settlement:

1. As stated in the April 25, 2022 email to Plaintiff's counsel (Declaration of Michael Schoenfeld Ecf. 73-2 at 16), confidentiality was noted by Defendant Woods's counsel as a requirement whereas seeking judicial approval (which would require public disclosure) was noted as unlikely.

2. In an email on April 26, 2022, Plaintiffs' counsel listed confidentiality as a "potential game changer[.]" (Declaration of Michael Schoenfeld Ecf. 73-2 at 11)

---

[1] Plaintiffs and Defendant George have <u>further</u> materially breached any so-called agreement by requesting judicial approval in their Motion. The alleged agreement specifically addressed seeking judicial approval of any settlement by providing that only if the action could not be dismissed voluntarily, Elarbee, Thompson, Sapp & Wilson, LLP (i.e., counsel for Defendant Woods) would prepare a motion for approval. (Declaration of Michael Schoenfeld Ecf. 73-2 at 48) At the recent status conference on September 13, 2022, the Court agreed with Defendant Woods's counsel's statement that "the parties cannot dismiss the case with having Court approval, but the defendant takes the risk that a plaintiff will turn around and reassert FLSA claims, and that even a dismissal with prejudice cannot prevent that from occurring." (Transcript p. 29, ll. 16-22) As such, seeking judicial approval, which the parties discussed at length as not being sought (i.e., a material term) as part of the purported settlement, was not triggered. (*See* (Declaration of Michael Schoenfeld Ecf. 73-2 at 29-33)

3.  An amendment was made by Plaintiffs' counsel to the draft Agreement to direct settling plaintiffs that they particularly needed to read the confidentiality clause. (Declaration of Michael Schoenfeld Ecf. 73-2 at 27) That amendment to the draft notice to settling plaintiffs selected the confidentiality covenant as one (1) of only two (2) provisions of the <u>entire</u> Agreement needing particular attention: "It is very important that you read the settlement agreement and understand your obligations under the settlement. **In particular, the Confidentiality and Non-Disparagement provisions in paragraphs 5 and 6 of the settlement.**" (emphasis added) (Declaration of Michael Schoenfeld Ecf. 73-2 at 55)

4.  In an exchange of emails on June 16 and 17, counsel discussed that confidentiality was important to Mr. Woods and the potential impact inclusion of confidentiality would have on dismissing the action. (Declaration of Michael Schoenfeld Ecf. 73-2 at 32-33)

5.  In his email of June 29, 2022, Plaintiff's counsel expressly listed confidentiality of the so-called agreement as evidence that Defendant Woods "was getting off easy…." (Declaration of Michael Schoenfeld Ecf. 73-2 at 22)

Notwithstanding such confidentiality obligation of the purported settlement agreement and its significance to the entire agreement as a material term, Plaintiffs and Defendant George have <u>both</u> placed the Agreement into the public record without having first attempting to maintain confidentiality, for example by asking the Court for permission to file the Agreement (or disclosing its terms) under seal. Although the confidentiality clause of the purported Agreement permitted certain disclosures, none of those exceptions included voluntarily putting the agreement into

the public record as was done in connection with Plaintiffs' and Defendant George's Motion.

Plaintiffs and Defendant George cannot claim that this breach is of no consequence as a news reporter apparently became aware of the filing and published a news article on the internet at Law360®.[2]

Recission can put the parties back into the same status quo as prior to the breach: the parties can complete discovery where it was left off and then proceed with dispositive motions, if any, or trial on the merits.

Notably, Defendant Woods has not breached the purported settlement agreement. Under the terms of proposed agreement, Defendant Woods had no obligation to perform any act until <u>after</u> the agreement was <u>fully</u> executed. (Declaration of Michael Schoenfeld Ecf. 73-2 at 48) It is undisputed that the agreement was never fully executed.[3] The only parties to have breached the

---

[2] Counsel for Defendant Woods states under penalty of perjury this day of September 27, 2022, that a true a correct of a news article, notwithstanding several inaccuracies, as publicly available to subscribers of the Law360 news service, is attached hereto as an exhibit.

[3] The agreement also included a provision that it "cannot be altered, modified or otherwise changed except by a writing signed by all the parties." (Declaration of Michael Schoenfeld Ecf. 73-2 at 51-64) Again, there is no dispute that the requirements of this merger clause have not been met as there is no writing evidencing an agreement to modify the purported agreement, much less one signed by any of the parties.

purported agreement, which is rescinded at Defendant Woods's election and thus incapable of enforcement under Georgia law, are Plaintiffs and Defendant George. As such, their Motion must be denied and the parties permitted to conclude discovery and move towards a judgment on the merits.

    Respectfully submitted this 27th day of September, 2022.

> s/Douglas H. Duerr
> Georgia Bar No. 231772
> ELARBEE, THOMPSON, SAPP & WILSON, LLP
> 229 Peachtree Street, N.E.
> 800 International Tower
> Atlanta, GA 30303
> (404) 659-6700
> (404) 222-9718 (Facsimile)
> duerr@elarbeethompson.com

Exhibit to Response



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

## Film Producer Sanctioned In Ga. Unpaid Wages Suit

By **Kelcey Caulder**

Law360 (August 17, 2022, 9:52 PM EDT) -- A Georgia federal judge on Wednesday sanctioned a film producer who defied court orders requiring him to pay expenses production crew members incurred in serving him with a lawsuit alleging he failed to pay them for their work, the same day the crew told the court the producer won't finalize a separate agreed settlement.

U.S. District Judge Mark H. Cohen found producer Howard "H.L." Woods was in "willful contempt" of a series of court orders requiring him to pay about $4,000 to crew members for the costs they incurred serving him with an unpaid wages complaint. The judge ordered Woods to pay the money by next week, along with another $1,100 for the attorney fees the crew spent on its contempt motion, and said he would impose a $250 daily fine if Woods misses the Aug. 22 deadline.

Separately, the crew has asked the court to enforce a settlement with Woods that would resolve their claims he failed to pay them about $100,000 for their work on the film "Summer When We Were Kings," which was to be made in Georgia but was shelved due to funding shortfalls. They said in a **motion** earlier Wednesday that Woods agreed to pay all the crew's wages and expenses but now refuses to sign the agreement because he doesn't have enough money.

In the **contempt order**, Judge Cohen said Woods defied orders issued in August 2021, April and this month requiring him to pay service expenses.

Woods had been given the chance to explain his failure to comply with the court's orders, the judge said, but failed to do so in the time prescribed by the court.

"The burden has shifted to HL Woods to produce evidence explaining his noncompliance. HL Woods has failed to attempt to satisfy this burden in any way whatsoever," Judge Cohen said. "After consideration of the entire record of this case, the court hereby finds that defendant HL Woods is in willful contempt of this court's orders."

Before the contempt ruling came down, the crew members and Cherelle George — the film's production manager and a defendant in the case who filed cross-claims alleging she, too, was owed wages — asked Judge Cohen to enforce a settlement agreement they say was reached in June but that Woods has refused to live up to.

George and the crew members said Woods agreed to pay 100% of the unpaid wages and expenses for the crew members, a deal "negotiated, agreed upon and memorialized in writing" in email correspondence between the parties' counsel.

But a month after reaching that agreement, Woods' attorney reached out to the crew members' counsel to say Woods didn't have the money to satisfy his obligations and would need to delay signing until he had the funds, they told the court.

After some back-and-forth, the crew members and George said they agreed to delay Woods' execution of the agreement until July 28 and that he would then have an additional 10 days to send the money he'd agreed to pay or discovery would be reopened in the suit.

The court was notified of this agreement in an email on July 15, but, according to the motion, Woods' attorney sent another email three days later saying Woods would sign the agreement on Aug. 6.

Woods failed to do so, and, according to the motion, his counsel has not engaged in any further

communications about the settlement.

The crew members and George contend that Woods' failure to execute the written settlement agreement doesn't prohibit its enforcement. The written agreement "merely memorialized" the material terms the parties had already agreed upon in emails between counsel, and the settlement terms can be enforced by the court, they argue.

The production members filed their **proposed class action** in January 2021 against Woods, his company Summer WWK LLC and George. George later filed cross-claims alleging she is owed just over $40,000 for her work supervising the project and hiring crew members.

In July 2021, the court signed an order conditionally certifying a **class** of all persons who performed services on the film as film production crew members after January 2020. Nine months later, in April 2022, the parties jointly moved to suspend discovery deadlines in the case, saying they were engaged in settlement negotiations and had reached a "tentative agreement" on a central term, according to court documents.

Representatives for all parties did not respond immediately to requests for comment Wednesday.

Plaintiffs are represented by James D. Fagan Jr. and Michael B. Schoenfeld of Stanford Fagan LLC and Robert S. Giolito of the Law Office of Robert S. Giolito PC.

George is represented by William S. Cleveland and Michael K. McGuffee of Poole Huffman LLC.

Woods and Summer WWK LLC are represented by Douglas H. Duerr of Elarbee Thompson Sapp & Wilson LLP.

The case is Brennan et al. v. Summer WWK LLC et al., case number 1:21-cv-00423, in the U.S. District Court for the Northern District of Georgia.

--Editing by Michael Watanabe.

All Content © 2003-2022, Portfolio Media, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN )<br>CARYN FRANKENFIELD; FRANK )<br>GALLINE; JOHN A. JOHNSTON; DAWN )<br>SNYDER; FREDRICK WAFF; CORY )<br>GERYAK; and SARA RINEY; )<br>individually and on behalf of similarly )<br>situated persons, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SUMMER WWK LLC; HL WOODS, )<br>a.k.a. HOWARD WOODS; and )<br>CHERELLE GEORGE, )<br>)<br>Defendants. ) | CIVIL ACTION FILE NO.:<br>1:21-cv-00423-MHC<br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this document complies with the font and point selection approved by the Court in Local Rule 5.1. This brief has been prepared in Times New Roman font, 14 point.

Respectfully submitted this 27th day of September, 2022.

By: s/Douglas H. Duerr
Douglas H. Duerr
Georgia Bar No. 231772

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KELSEY BRENNAN; KYLE COLEMAN CARYN FRANKENFIELD; FRANK GALLINE; JOHN A. JOHNSTON; DAWN SNYDER; FREDRICK WAFF; CORY GERYAK; and SARA RINEY; individually and on behalf of similarly situated persons, | CIVIL ACTION FILE NO.: 1:21-cv-00423-MHC |
| Plaintiffs, | DEMAND FOR JURY TRIAL |
| v. | |
| SUMMER WWK LLC; HL WOODS, a.k.a. HOWARD WOODS; and CHERELLE GEORGE, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2022, I filed the foregoing **RESPONSE IN OPPOSSITION TO MOTION TO COMPEL SETTLEMENT** via the Court's ECF/CM system which will send send a notice and copy to the following attorneys of record:

Michael B. Schoenfeld
James Fagan, Jr.
Stanford Fagen, LLC
2540 Lakewood Avenue SW
Atlanta, GA 30315

michaels@sfglawyers.com
jfagan@sfglawyers.com

Robert S. Giolito
Robert S. Giolitio PC
1626 Montana Ave., Ste 201
Santa Monica, CA 90403
rgiolitio@giolitolaw.com
(Via email only)

William Stanford Cleveland
Michael McGuffee
Poole Huffman, LLC
Building J, Suite 200
3562 Habersham at Northlake
Tucker, GA 30084
michaelm@poolehuffman.com
billy@poolehuffman.com


Respectfully submitted, this 27th day of September, 2022.

s/Douglas H. Duerr
Douglas H. Duerr
Georgia Bar No. 231772

ELARBEE, THOMPSON, SAPP &
WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com
*Counsel for Defendant*